## STAPLES et al. v. CENTRAL SURETY & INS. CORPORATION et al.*
### No. 719.

Circuit Court of Appeals, Tenth Circuit.
Dec. 21, 1932.

Remington Rogers, of Tulsa, Okl., for appellants.

Roscoe E. Harper, of Tulsa, Okl. (Gentry Lee, of Tulsa, Okl., on the brief), for appellees.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

On December 5, 1929, and for some time prior thereto, the Sunray Oil Company was the owner of an undivided one-half interest in a certain oil and gas mining lease, known as the Sango-Holmes lease, upon land in Okfuskee county, Okl. Prior to December 5, 1929, the Sunray Oil Company had entered into a written contract with the owner or owners of the remaining one-half interest in said lease, under and pursuant to which the Sunray Oil Company was placed in "sole and exclusive charge of the management, operation, control and future development" of

*Rehearing denied February 23, 1933.

said lease. That contract was in full force and effect on December 5, 1929. Acting pursuant to the provisions of said contract, the Sunray Oil Company, prior to December 5, 1929, entered into a written contract with the Staples Drilling Company, a partnership composed of the individual appellants herein, providing that said partnership should drill two wells on said lease, to be known as wells No. 2 and No. 3. In this contract Sunray agreed to furnish the rig and derrick, fuel, water, and casing, and the drilling company agreed to furnish the necessary tools, machinery, equipment, and labor. Sunray Oil Company had no supervision or control over the employees of the drilling company or the manner in which the drilling company prosecuted the work, except in so far as it involved the use of Sunray's equipment and materials.

Prior to December 5, 1929, Staples Drilling Company had drilled well No. 2 to a depth where gas was unexpectedly encountered, and in some manner said gas became ignited and burned down the derrick. Sunray Oil Company thereupon entered into a contract with one W. Scott Bush to construct a new derrick at well No. 2. Bush agreed for a stipulated price to build the derrick according to the specifications prescribed by Sunray, using materials furnished by Sunray. Bush, however, prosecuted the work in his own way, and Sunray did not direct the work or regulate the number of Bush's employees or their hours of work. Sunray required Bush to carry workmen's compensation insurance for his own employees, and Bush therefore obtained a contract of insurance from the appellee, Central Surety & Insurance Corporation. Under such contract of insurance, appellee agreed to pay promptly to any person entitled thereto the entire amount of any sum due under the Workmen's Compensation Law of Oklahoma on account of personal injuries sustained by employees of Bush, including the cost of medical aid for any such injured employee. Such contract of insurance further contained a provision that, in case of any payment under said contract the appellee insurance company should be subrogated, to the extent of any such payment, to all rights of recovery therefor vested by law either in Bush or in any employee or his dependents, against persons, corporations, associations, or estates. Said contract of insurance was in force on December 5, 1929.

On December 5, 1929, Bush and his employees, including one Clyde J. Gougler, were engaged in the work of building the new derrick at well No. 2; and the Staples Drilling Company at the same time was drilling, or preparing to commence drilling, well No. 3 a few hundred feet distant from well No. 2. The drilling company had a boiler for the generation of steam at well No. 3, but it was out of order. Near well No. 2 there was another boiler which the drilling company had previously used in connection with the drilling of well No. 2, but this boiler had been shut down after the fire at well No. 2 was extinguished, and had not been relighted until December 5, 1929. Upon that day the drilling company or some of its employees lighted the fire under the boiler near well No. 2. It appears from the evidence that the boiler was lighted for the purpose of generating steam to be used by the drilling company at well No. 3, and possibly for the further purpose of providing steam at well No. 2, through a "snuff line," with which to extinguish any new fire which might start there. In any event, however, the boiler was in the exclusive control and operation of the Staples Drilling Company, and neither Bush nor any of his employees had anything to do with the operation of the boiler. Neither was the steam generated in said boiler to be used by Bush in his work on the derrick at well No. 2.

Within a short time after the boiler was lighted (variously estimated by the witnesses from 25 or 30 minutes to more than an hour), the boiler exploded, and Gougler, an employee of Bush, was injured by pieces of the exploded boiler which were violently hurled against him by the force of the explosion. Gougler made claim for compensation from his employer, Bush, under the Workmen's Compensation Law of Oklahoma, and the Industrial Commission of Oklahoma awarded him compensation in the total sum of $2,230.50. This sum was paid to Gougler by the appellee Central Surety & Insurance Corporation pursuant to the aforesaid contract of insurance. In addition thereto, the appellee paid out the further sum of $1,161.50 on account of medical aid and hospital expenses for Gougler as a result of his injuries received as above set forth. Appellee further incurred and paid legal expenses amounting to $200 in connection with Gougler's claim for compensation. The appellee therefore paid out and expended the total sum of $3,592 upon and in connection with Gougler's claim for compensation. No issue is raised either in the record or in the appellant's briefs as to the amount or propriety of the sums so paid by appellee.

Appellee Central Surety & Insurance Corporation brought this action in the United States District Court for the Northern District of Oklahoma, in its own name and in the name of W. Scott Bush for the use of Central Surety & Insurance Corporation, against the Staples Drilling Company, a partnership, and Staples Drilling Company, a corporation, alleging that after December 5, 1929, the partnership caused the above-named corporation to be organized, and conveyed to it all the assets of the partnership, and that said corporation thereupon assumed and became liable for the debts and obligations of the partnership. That allegation is borne out by the evidence. Appellee seeks to recover from appellants the aforesaid sum of $3,592 paid out by appellee pursuant to its said contract of insurance, and asserts two theories upon either or both of which it claims to be entitled to recover said sum. Both of said theories are bottomed upon the allegation that appellants were negligent in the operation of said boiler, that as a result of such negligence said boiler exploded, and that said negligence of appellants was the proximate cause of Gougler's injuries. The two theories are as follows: First, that appellants by their negligent or wrongful acts imposed liability upon Bush, as the employer of Gougler, under the Workmen's Compensation Law of Oklahoma; that Bush therefore had a right of action for indemnity as against appellants, and that appellee as insurer of Bush is subrogated to that right; second, that under the Workmen's Compensation Law of Oklahoma, Gougler had the right to elect whether he would claim compensation from his employer, Bush, under the Compensation Law, or whether he would pursue his remedy at common law against appellants who negligently caused his injuries, and that, since Gougler elected to claim compensation from Bush, the appellee, as insurance carrier for Bush, was subrogated to Gougler's right against appellants.

Appellants first challenge the jurisdiction of the federal court. It appears that Central Surety & Insurance Corporation is a corporation organized and existing under the laws of Missouri, and is a citizen of Missouri, but that Bush and Gougler and all of the appellants are citizens and residents of Oklahoma. Appellants therefore say that under section 24(1) of the Judicial Code, 28 USCA § 41(1), the Central Surety & Insurance Corporation, as subrogee or assignee of the rights of action of either Bush or Gougler, or both, cannot invoke the original jurisdiction of the federal court because Bush and Gougler, as subrogors or assignors, could not have sued in the federal court; the requisite diversity of citizenship between them and appellants being lacking. The determination of this issue turns upon the question of whether or not the cause of action alleged by Central Surety & Insurance Corporation is an assigned one within the meaning of section 24(1) of the Judicial Code. We think not. Subrogation is not assignment within the meaning of the section. New Orleans v. Gaines' Administrator, 138 U. S. 595, 11 S. Ct. 428, 34 L. Ed. 1102; Fidelity & Deposit Co. of Maryland v. Farmers' Bank (C. C. A. 8) 44 F.(2d) 11, certiorari denied, 282 U. S. 901, 51 S. Ct. 213, 75 L. Ed. 793; Fidelity & Deposit Co. of Maryland v. People's Bank (C. C. A. 8) 44 F.(2d) 19, certiorari denied, 282 U. S. 901, 51 S. Ct. 213, 75 L. Ed. 793. Appellee, having paid the award pursuant to its contract of insurance with Bush, is subrogated to the rights of Bush against appellants, and this right of subrogation does not rest upon any relation of contract or privity between the insurer and the insured. St. Louis, I. M. & S. R. Co. v. Commercial Union Ins. Co., 139 U. S. 223, 11 S. Ct. 554, 35 L. Ed. 154. The insurance company, as the real party in interest, was entitled to bring the action in its own name, and the insured, Bush, was not a necessary party. C. O. S. 1921, 209; Hynds v. Schaff (C. C. A. 10) 46 F.(2d) 275; Firemen's Ins. Co. v. Bremner (C. C. A. 8) 25 F. (2d) 75; Martin v. Federal Surety Co. (C. C. A. 8) 58 F.(2d) 79; Harter v. American Eagle Fire Ins. Co. (C. C. A. 6) 60 F.(2d) 245; Turk v. Illinois Cent. R. Co. (C. C. A. 6) 218 F. 315; Travelers' Ins. Co. v. Great Lakes Eng. W. Co. (C. C. A. 6) 184 F. 426, 431, 36 L. R. A. (N. S.) 60; St. Louis, I. M. & S. R. Co. v. Commercial Union Ins. Co., supra. It follows, therefore, that, since the requisite diversity of citizenship exists, and the amount in controversy is in excess of $3,000, exclusive of interest and costs, the District Court had jurisdiction of this cause.

Upon the question of negligence no issue is raised on this appeal. The sole questions submitted to the jury by the trial court under its oral instructions were whether or not the appellants were guilty of negligence in the operation of the boiler, resulting in the explosion of the boiler, and whether the explosion was the direct and proximate cause of Gougler's injuries. In returning a verdict for appellee, the jury determined those questions in the affirmative. There was sufficient evidence to justify the submission of these

questions to the jury and to support the verdict. Appellants make no argument to the contrary in their brief.

■ It is a well-recognized rule, supported by a great weight of authority, that, where one has been subjected to liability, and has suffered loss thereby, on account of the negligence or wrongful act of another, the one has a right of action against the other for indemnity. George A. Fuller Co. v. Otis Elevator Co., 245 U. S. 489, 38 S. Ct. 180, 62 L. Ed. 422; Washington Gaslight Co. v. Dist. of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712; Dushane v. Benedict, 120 U. S. 630, 7 S. Ct. 696, 30 L. Ed. 810; Travelers' Ins. Co. v. Great Lakes Eng. W. Co. (C. C. A. 6) 184 F. 426, 36 L. R. A. (N. S.) 60; United States v. United States Fid. & Guaranty Co. (C. C. A. 6) 247 F. 16; Dayton Power & Light Co. v. Westinghouse E. & Mfg. Co. (C. C. A. 6) 287 F. 439, 37 A. L. R. 849; Baltimore & O. R. Co. v. Howard County Commissioners, 113 Md. 404, 77 A. 930, 931; Busch & Latta Painting Co. v. Woermann Const. Co., 310 Mo. 419, 276 S. W. 614. And this is no less the rule where the liability imposed is statutory. Travelers' Ins. Co. v. Great Lakes Eng. W. Co., supra; Dayton Power & Light Co. v. Westinghouse E. & Mfg. Co., supra. In Washington Gaslight Co. v. Dist. of Columbia, supra, the Supreme Court laid down the general rule, fortified by citation of much applicable authority, that one may recover damages which he has been compelled to pay over because of the negligence of another. In George A. Fuller Co. v. Otis Elevator Co., supra, the rule was applied to a case where the Fuller Company paid a judgment in favor of one of its employees, where the negligence was that of the Otis Elevator Company. The Sixth Circuit Court of Appeals in Travelers' Ins. Co. v. Great Lakes Eng. W. Co., supra, applied the general rule to an insurance company which, under a contract with the employer, paid compensation to an injured employee.

Upon this settled principle, it is clear that Bush, having been subjected to liability to his employee, Gougler, under the Compensation Law, as a result of the negligence of appellants, had a cause of action, in his own right, for indemnity against appellants, at common law entirely independent of any provisions of the Compensation Law (Comp. St. 1921, Okl. § 7282 et seq. as amended). And the appellee, having discharged Bush's liability to Gougler, pursuant to its contract of insurance, is subrogated to Bush's right against appellants.

■ Appellants do not directly deny the existence of this principle of law, nor challenge the controlling effect of the authorities cited. They seek to evade its applicability by two arguments. One is that, under the Oklahoma Compensation Law, as construed by its courts, Gougler's common-law right of action is abolished. This misapprehends entirely the nature of the ground of recovery now under consideration. The appellee does not sue for the unliquidated damages suffered by Gougler; it sues only for the amount it was required to pay out by reason of the negligence of appellants. Precisely the same argument was made in the Great Lakes Engineering W. Co. Case, supra, and was answered by the Sixth Circuit Court of Appeals in these words: "With respect to the damage resulting from Leinhart's death, the fact that Leinhart had no right of action is immaterial. There is no attempt to recover here in any right of his." And in the George A. Fuller Company Case, supra, it was held that the employer had a cause of action against the Otis Elevator Company, notwithstanding that it had been adjudicated that the injured servant had no cause of action against the Otis Company.

The second argument is that Bush had no cause of action because he paid out no money, and that the insurance company has no cause of action because it paid the loss from premiums collected for that purpose. This argument denies to insurance companies the right to subrogation in any case, and is opposed to all of the authorities on the subject, a few of which are above cited. But two cases are cited as overturning the law of subrogation of insurance carriers; in one, the insurance company was not a party, and the decision supports, rather than impairs, the general law on the subject; the other decision may be sustainable because of a rigid state statute; if not, its authority cannot prevail over the law as declared by an unbroken line of decisions of both state and federal courts.

We conclude that the judgment below is right. The negligence of appellants directly resulted in a financial loss to appellee; under elementary principles of the law of torts, recovery may be had therefor. It is not necessary to determine whether the judgment may also be sustained on the second ground asserted, in subrogation to the rights of Gougler; we need not, therefore, inquire

654

whether Gougler had any right to pursue his remedy against appellants or whether such right had been abrogated by the Compensation Law of Oklahoma. The Compensation Law of Oklahoma has nothing to do with the case, except as it fixed a liability upon Bush for the negligence of appellants. If an automobile belonging to Bush had been destroyed by the exploding boiler, he or his insurance carrier could have recovered, and there is nothing in the Compensation Law to the contrary. Where the injury is to Bush's servant, the Compensation Law required Bush to pay; but the financial loss to Bush or his insurance carrier is just as directly the result of appellants' negligence as if its force had been spent on his automobile instead of his servant. For the same reason, the ownership of the oil and gas lease in question and the status of Bush and appellants as independent contractors or otherwise become immaterial. Likewise appellants' other assignments of error need not be considered.

The judgment is affirmed.