STEVENS J, HUNSICKER J, concur.

## ST. PAUL MERCURY INDEMNITY CO., Plaintiff-Appellee, v. KOPP et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23,129. Decided July 1, 1954.

Kitchen & Messner, Cleveland, for plaintiff-appellee.
Crossen & Chamberlain, Cleveland, for defendant-appellants.

(DOYLE P. J., HUNSICKER J., STEVENS J. of the 9th District sitting by designation in the 8th District)

## OPINION

By HUNSICKER J:

In this appeal on questions of law, the cause is submitted to this court upon an agreed statement of facts, filed as a bill of exceptions, and the briefs and oral arguments by respective counsel for the parties.

The facts are that:

The Ohio Public Service Company (now Ohio Edison Company) entered into a written contract with Fred L. Nelson of Dayton, Ohio, a partnership, to do some pole line clearance along a certain right of way of The Ohio Public Service Company, a public utility, engaged in the transmission of electric power. The written contract contained, among other clauses, the following:

"7. Contractor agrees, in consideration of the work awarded to it by Principal, to indemnify and save harmless Principal from any and all loss, cost, damage, or expense to persons or property, including the injury or death suffered by persons employed by said Contractor or members of the public, growing out of or in any way connected with the performance of the work awarded to Contractor.

"8. Contractor further agrees to furnish to Principal prior to the commencement of the work covered by this agreement, certificates, or renewals thereof, as issued by the Industrial Commission of Ohio, certifying that the Contractor-Employer has paid into the State and Occupational Disease Fund for a period to end subsequent to the completion of said work.

"9. Principal shall not require Contractor to purchase, Public Liability and Property Damage Insurance naming Principal as an additional assurred; Contractor may, however, purchase insurance to cover the indemnifying provision of this agreement."

One Ervin Franklin Snyder, an employee of Nelson, while acting in the course of his employment and performing services contracted for by the written agreement between Nelson and the Service Company, came in contact with a high voltage power line maintained by the Ohio Public Service Company and was instantly killed. Workmen's Compensation was paid pursuant to the laws of Ohio.

The administrator of the estate of Snyder brought an action for wrongful death against the Ohio Public Service Company, alleging negligence on the part of said Service Company. The Service Company demanded that Nelson undertake the defense of said action and idemnify the Service Company for all loss or damage incurred or to be incurred by reason of the death of Snyder. Nelson refused to defend that action, and the appellee herein, St. Paul Mercury Idemnity Company, as the insurer of The Ohio Public Service Company, undertook the defense of the action brought by the administrator of Snyder's estate, and in good faith paid to the administrator $2,000.00 in settlement of the wrongful death action, and, in addition, thereto $677.00 for necessary costs and attorney fees.

St. Paul Mercury Idemnity Company, by written assignment became subrogated to all rights of The Ohio Public Service Company and when Nelson refused to pay the appellee herein upon demand therefor, an action was filed in the Common Pleas Court of Cuyahoga County to recover from Nelson the amount so paid by the Indemnity Company.

The trial court determined that the written agreement entered into by The Ohio Public Service Company and Nelson, and especially paragraph 7 thereof, set out above, was an indemnity agreement and covered suits for wrongful death such as is found by the facts in the instant case. From the judgment so rendered, Nelson has appealed to this court.

The principal question in the case revolves around the interpretation and effect of paragraph 7 of the contract entered into between The Ohio Public Service Company and Nelson. If the written agreement and especially paragraph 7 covers suits for wrongful death and if the words "from any and all loss * * * including injury or death" covers indemnity of the Service Company for its own negligence, then the judgment entered by the trial court must be affirmed.

It is to be observed that this contract is not one between an employer and his employee, whereby the employer seeks to relieve itself from responsi-

bility for injuries sustained by the employee. This is a contract which does seek to provide that the partnership doing business as Fred L. Nelson of Dayton, Ohio, shall indemnify the Ohio Public Service Company for any loss or damage to an employee of the partnership known as Fred L. Nelson while such partnership is engaged in doing work for the Utility Company. Does such a contract cover a wrongful death action, where such death is cause by the claimed negligence of the Utility Company?

There is no dispute between the parties to the instant action as to the law which should be applied in the situation we have here. The recent case of **Kay v. Pennsylvania Railroad Compony et, 156 Oh St 503** (wherein the rule pronounced in **George H. Dingledy Lumber Co. v. Erie Rd. Co., 102 Oh St 236,** was approved and followed) establishes the law of Ohio with respect to contracts of indemnity such as we find herein.

The court there said:

"1. Contracts of indemnity purporting to relieve one from the results of his negligence must be construed strictly.

"2. The intention to provide such indemnification must be expressed in clear, unequivocal terms."

If, then, we strictly construe the provisions of the contract, do we find that appellant Fred L. Nelson is liable thereunder?

When we read paragraph 7 of the contract, we find that it says that Fred L. Nelson will "indemnity and save harmless" the Utility Company "from any and all loss * * * including * * * death suffered by" an employee of Fred L. Nelson "growing out of or in any way connected with" the work which Fred L. Nelson is doing for the Utility Company. Although no specific mention is made of the negligence of the Utility Company, yet the contract, when it calls for indemnity for any and all loss in any way connected with the performance of the work awarded to Fred L. Nelson, clearly includes loss arising as a result of such negligence. See Annotation in 175 A. L. R. 12, et seq.

The Ninth District Court of Appeals, in the case of **Direct Transportation Company v. Baltimore & Ohio Railroad Company, 96 Oh Ap 204, No. 4374, Summit County,** decided November 25, 1953, discussed at some length the right to contract for exemption from liability for the consequences of negligence, and the court there said:

"2. In general, contracting parties may bargain for exemption from liability for the consequences of negligence which does not fall greatly below the standard established by law for the protection of others against unreasonable risk of harm, except that it is illegal to bargain

"(a) for exemption from liability for the consequences of a wilful breach of duty.

"(b) if the parties are employer and employee, and the bargain relates to negligent injury of the employee, in the course of employment.

"(c) if one of the parties is charged with a duty of public service, and the bargain relates to negligence in the performance of any part of its duty to the public, for which it has received or been promised compensation. However, a bargain by a common carrier or other person charged with a duty of public service, limiting to a reasonable agreed valuation the amount of damages recoverable for injury to property by a non-wilful breach of duty, is lawful."

The fact that the dependants of the deceased workman herein applied for and received Workmen's Compensation benefits by reason of the death, does not bar an action against a third person tort-feasor for the wrongful death of such workman. Judge Doyle of this court, in the case of **Hartford Accident & Indemnity Company** v. **Procter & Gamble Co., 91 Oh Ap 573,** said:

"1. Workmen's compensation statutes relate generally to the legal connection between employer and employee, and do not affect the right of an injured workman to sue a third person tort-feasor for injuries received through negligence in the course of his employment. Workmen's compensation statutes in New York in terms preserve this common-law right of an employee."

The action by the administrator against the utility company to recover for the benefit of the estate of Snyder was properly instituted, and when the appellee herein, St. Paul Mercury Indemnity Company, under the terms of their contract with the utility company settled this claim of the estate of Snyder, then the partnership of Fred L. Nelson by the terms of its contract of indemnity with the Utility Company became obligated to pay the loss so incurred

We, therefore, determine that by the plain, unambiguous terms of the contract in the instant case, Fred L. Nelson of Dayton, Ohio is required to pay to St. Paul Mercury Indemnity Company the subrogee of The Ohio Public Service Company, for the loss sustained by reason of the settlement by the St. Paul Mercury Indemnity Co., of the claim of the estate of Ervin Franklin Snyder, deceased (an employee of Fred L. Nelson) which claim arose by reason of the death of said Snyder, although such death was caused by the alleged negligence of The Ohio Public Service Company.

We have examined all claimed errors, and find none prejudicial.

The judgment is affirmed. Exceptions noted. Order see journal.

DOYLE PJ, STEVENS J, concur.