**NEW AMSTERDAM CASUALTY CO. and AMERICAN MUTUAL LIABILITY INS. CO., Appellees, v. KILROY STRUCTURAL STEEL CO., Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24849. Decided July 22, 1959.

Thompson, Hine & Flory, for appellees.
Arter, Hadden, Wykoff & Van Duzer, for appellant.

(Judges of the Ninth District sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J.

The appellees, herein called "casualty companies," issued policies of liability insurance insuring The Upson-Walton Company of Cleveland, Ohio, against bodily injury and property damage liability while they were constructing a new factory.

Upson-Walton Company had a contract with The Leonard H. Krill Company, building contractors, for the construction of an office and

factory building. The Leonard H. Krill Company subcontracted the structural steel work to Kilroy Structural Steel Co., the appellant, herein called "Kilroy." While Kilroy was engaged in erecting the structural steel, one of its employees, a man named Holt, was injured in the course of the construction.

The injury to Holt was caused when a wire with a high voltage of electricity broke and came into contact with him. Holt then sued Upson-Walton Company.

The defense of this suit was tendered to Kilroy by the casualty companies, and Kilroy refused to defend such action. The case of Holt against Upson-Walton was settled by the attorneys for the casualty companies, who took contracts of subrogation in order to proceed against Kilroy.

The present action was instituted against Kilroy to collect the sum paid in settlement to Holt, plus the attorney fees paid by the casualty companies incident to such settlement.

Kilroy, by way of answer, herein admitted all of the material facts, but denied that they were liable under the terms of the contracts of indemnity.

At a hearing in the Common Pleas Court of Cuyahoga County, the trial judge awarded judgment for the full amount sought by the casualty companies. It is from the judgment so entered that an appeal on questions of law is before this court.

The judgment entry, in its pertinent part, reads as follows:

"This matter came on to be heard on the petition of the plaintiff, the answer of defendant, the reply of plaintiff, and facts agreed to between the parties."

There is no bill of exceptions herein, and thus we accept the statements set out in the journal entry as having been fully established. We have been favored with an excellent memorandum by the trial judge, filed in the case on December 5, 1958, several weeks before the journal entry of judgment, which was filed for journalization on February 19, 1959.

The controversy herein revolves about the construction of the following portion of the contract of indemnity:

"The subcontractor shall indemnify and save harmless, the owner, the architect, the contractor, and their respective agents, from any and all liability, payments and expenses of any nature, for injury or death to any person, or persons, or for damage to any property, caused or alleged to have been caused by the subcontractor, or incidental to the execution of work under this contract by the subcontractor, his agents or employees * * *."

It is admitted that the subcontract contained an indemnity agreement, the pertinent portion of which is set out above.

The principal point of controversy concerns the interpretaion of the above portion of the contract of indemnity, in the light of the long established law involving contracts of indemnity, which rule of interpretation has been determined in the following cases: **George H. Dingledy Lumber Co. v. Erie Railroad Co., 102 Oh St 236,** and **Kay v. Pennsylvania Railroad Co., 156 Oh St 503.**

Two cases decided by the Court of Appeals for this district have been called to our attention, the latter of those cases having been decided by the court now sitting in this case, which court was then, as now, assigned to hear cases outside of its own district. We refer to **Massachusetts Bonding & Insurance Co. v. Westinghouse Electric & Manufacturing Co., 47 Abs 344, 72 N. E. 2d 388; and St. Paul Mercury Indemnity Co. v. Kopp, 70 Abs 259, 121 N. E. 2d 23.**

We are convinced that the reasoning adopted in the St. Paul Mercury Indemnity Co. v. Kopp case, supra, is equally applicable in this case. The contract provisions in the instant case are almost identical with those interpreted in the Kopp case, supra.

We therefore determine that the contract of indemnity herein imposes liability upon Kilroy, notwithstanding that the action brought by Holt was against Upson-Walton Company, the owner of the building being constructed by Krill.

By reason of such determination, the judgment as entered in the trial court must be affirmed.

Judgment affirmed.

DOYLE, PJ, STEVENS, J, concur.