SAFWAY RENTAL & SALES COM-
PANY, Appellant,

v.

ALBINA ENGINE AND MACHINE
WORKS, INC., Albina Engine and Ma-
chine Works, Inc., as Trustee for Glens
Falls Insurance Company, and Glens
Falls Insurance Company, Appellees.

ALBINA ENGINE & MACHINE WORKS,
INC., and Glens Falls Insurance Com-
pany, Cross-Appellants,

v.

SAFWAY RENTAL & SALES COM-
PANY, Cross-Appellee.

Nos. 7617, 7618.

United States Court of Appeals
Tenth Circuit.

Feb. 5, 1965.

Rehearing Denied April 23, 1965.

Gordon F. Rainey, Oklahoma City, Okl. (Rainey, Flynn & Welch, Oklahoma City, Okl., of counsel, with him on the brief), for appellant and cross-appellee.

John A. Johnson, Oklahoma City, Okl., for appellees and cross-appellants.

Before PICKETT, LEWIS and SETH, Circuit Judges.

SETH, Circuit Judge.
No. 7617.

Albina Engine and Machine Works, Inc. and Safway Rental & Sales Company entered into an agreement whereby certain swinging scaffolds owned by Albina were to be rented in Oklahoma by Safway. The scaffolds were stored and serviced by Safway, and the proceeds from rentals were divided between the parties to the agreement. A workman was injured as one of the rented scaffolds fell when a cable broke, and Albina and Safway were named as defendants in a negligence action brought by this injured man. In the negligence action, Albina filed a cross-claim against Safway, but it was dismissed by the trial court. The injured workman recovered against Albina and Safway. The case was appealed to this court as Albina Engine and Machine Works, Inc. v. Abel, 305 F.2d 77 (10th Cir.); the judgment was affirmed, but the trial court was directed to reinstate and try the cross-claim of Albina. After the case was submitted, the trial court made Glens Falls Insurance Company a cross-complainant. This insurance carrier had defended the negligence action for Albina and had paid one-half of the judgment.

The trial court on the cross-claim found for Albina and Glens Falls in the amount which the insurance carrier had paid on the judgment, plus the amount of $3,765.-56. The latter was the amount paid by Albina as expenses, but not fees, incurred by it during the defense of the negligence action together with a part of a premium on a supersedeas bond. The trial court however denied the claim for Glens Falls' attorney fees and expenses.

The trial court found that the appellant Safway had obligated itself to service and warehouse the equipment which was the subject of the joint adventure agreement. The court further found that there was no express agreement requiring Safway to maintain the equipment in a safe condition nor to repair and service it in a workmanlike manner, nor specifically to indemnify Albina for any loss which might occur as a result of a failure by Safway to so service the equipment. The court however found that such obligations were implied in the express undertakings. The court further held that the loss from the workman's injury resulted from the appellant's failure to perform these express and implied contractual duties, and that such loss was due "wholly and solely" to the negligence of one Hayes, who worked at the Safway warehouse. Hayes had actual knowledge

that the cable which failed had been burned and damaged on a previous occasion, and with such knowledge rented the equipment to the injured workman's employer. The trial court further concluded that under the law of Oklahoma, one joint adventurer may be liable to the other for breach of contract; that a service agreement of this character is one upon which a joint adventurer may be held so liable to another. The trial court further concluded that such an agreement to service gives rise to an obligation to indemnify the party to whom the duty is owed.

In the opinion of this court on the appeal in the negligence action, Albina Engine and Machine Works, Inc. v. Abel, 305 F.2d 77, we held that the arrangement and course of dealings between Albina and Safway created a joint adventure. Thus this cross-claim is one brought by one joint adventurer against the other, and is based primarily upon the contract between the parties which provided, as mentioned above, that Safway would handle the rental of the equipment which was owned by Albina in the Oklahoma area and would make a division of the rental proceeds.

Appellant's basic argument is that Albina and Safway were joint tort-feasors by reason of the vicarious liability arising from the negligence of the employee who should have replaced the cable in the scaffolding, and this, coupled with the Oklahoma doctrine that a joint adventure does not create a separate entity, makes both of the joint adventurers employers of the negligent person. Appellant then argues that there is no indemnity between joint tort-feasors under the conditions here presented. Strong reliance is placed by appellant on Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 215 F.2d 368 (10th Cir.). Appellant urges also that there was no implied duty to maintain the equipment in safe condition, and that Glens Falls is the real party in interest, but was not in privity with the joint adventure agreement.

The record shows that Safway alone rented the equipment to the users, and men it paid handled the storage, servicing, and delivery to the users. Albina had no men in the field performing these duties; its place of business is in Oregon, its representatives come occasionally to Oklahoma, but had not been there for nearly two years. There was however considerable correspondence between Albina and Safway's manager at Oklahoma City, but this did not constitute direction of the employees. The president of Safway testified at the negligence trial that the rentals were not under the control of Albina except that it furnished the equipment. The record also shows that Albina had no actual control over the employees of Safway, and had no knowledge of the damage to the equipment which here caused the injury.

■ The record amply supports the trial court's findings that by the express agreement to service the equipment Safway was obligated to do so in a workmanlike manner so that it was safe for use for its intended purpose. The danger to the user of such cable-supported working platforms from defects in the cables is obvious, and "servicing" includes keeping the cables in safe working order. The breach of this obligation by the employees responsible to Safway is demonstrated by the record. The facts are established, but the parties to this appeal urge that different legal implications arise or different doctrines should be applied.

■ The contractual relationships and the duties thereby placed on Safway determine the remedies available to Albina on its cross-claim. The legal conclusion that they were joint adventurers was of importance in the negligence action where they faced claims of a third party, but it is of less significance in this action between the two of them based primarily on contract rather than on doctrines of tort. Safway failed to perform its contractual duty, and the injuries to the user of the equipment, and the resulting involvement of Albina were certainly foreseeable consequences. This is no more than a statement of the basic

law of contracts and of damages. The fact that the parties to the contract may also be joint adventurers, and the fact that by reason thereof they were vicariously liable in the tort action does not alter these doctrines nor prevent their application. This is probably sufficient to dispose of the case, but in view of the parties' argument based on indemnity, the Oklahoma law on implied indemnity should be considered.

The early Oklahoma case of Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, considered the general rule as to indemnity between parties jointly liable in negligence actions. It held that generally there can be no indemnity between parties in pari delicto. This case was discussed at some length in United States v. Acord, 209 F.2d 709 (10th Cir.), cert. den. 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115, which also applied the law of Oklahoma. This court there held that the two parties were both "primarily" liable to the injured party, each owed him a like duty, and there could be no indemnity under the Oklahoma authorities. In Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 215 F.2d 368, we again considered an indemnity claim arising under Oklahoma law. It was there found that the parties were joint tort-feasors with no contractual ties, and negligence of the same kind or character was alleged as to them both by the tort claimant. We there said that indemnity depends upon the character or kind of negligence which caused the injury, and further that indemnity arises out of "an independent legal relationship, under which the indemnitor owes a duty either in contract or tort to the indemnitee apart from the joint duty they owe to the injured party." In this cited case the court stated there was no such independent duty. Hence there was no basis for indemnity. In the case at bar, however, there was clearly such a duty owed by appellant.

 The record here also shows a distinct difference in the kind and character of the negligence of Albina and of Safway as to the negligence claimant. Con-

sidering the parties again in their performance of the contract between them, the appellant Safway had the direct dealings with those who rented the equipment, it had the duty to service the equipment. The failure was to remedy a known defect in a part of the scaffold essential for its safe use. This failure was the active negligence on the part of the employees who were accountable in their duties only to Safway. The trial court found, and it is clearly supported by the record, that there was no active negligence on the part of Albina, and it was held liable in the negligence action only secondarily or by reason of the joint adventure. Thus the two prerequisites noted in the Peak Drilling Co. case were fulfilled, and the trial court was correct in finding a right in appellee to indemnity under the law of Oklahoma. See also Lee Way Motor Freight, Inc. v. Yellow Transit Freight Lines, Inc., 251 F.2d 97 (10th Cir.), an Oklahoma case; Security Ins. Co. of New Haven v. Johnson, 276 F.2d 182 (10th Cir.); Thomas v. Malco Refineries, Inc., 214 F.2d 884 (10th Cir.); Staples v. Central Surety & Ins. Corp., 62 F.2d 650 (10th Cir.); Allied Mutual Casualty Corp. v. General Motors Corp., 279 F.2d 455 (10th Cir.).

The elimination of the "kind of negligence" requirement in indemnity cases as exemplified in Italia Soc. per Azioni di Navigazione v. Oregon Stevedoring Co., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732, and Weyerhauser S.S. Co. v. Nacirema, 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed. 2d 491, is strongly urged by the appellees; however, there is nothing to indicate that Oklahoma would apply such shipowner-stevedore originated doctrines to the present case, and in any event the local requirement was otherwise met.

██ The trial court was also correct in including the expenses in the amount of $3,765.56 incurred by Albina itself in defense of the negligence suit. These costs were a direct result of the contract breach by Safway discussed above, and are also within the implied indemnity doctrine stated in the cited cases. The trial court was also correct

in holding that Glens Falls Insurance Company was subrogated to the rights here considered of Albina against Safway. The record shows that the insurance carrier paid Albina's one-half of the negligence judgment, and under the circumstances it succeeded to Albina's rights to recover such amount. Traders & General Ins. Co. v. Sand Springs Home, 195 Okl. 509, 158 P.2d 1018, cited by appellant, does not hold otherwise.

Case No. 7617 is affirmed.

## No. 7618.

Albina Engine and Machine Works, Inc. and Glen Falls Insurance Company took this cross-appeal from a portion of the judgment of the trial court which refused recovery of attorney fees and other litigation expenses paid or incurred by Glens Falls Insurance Company. These expenses arose from participation in the defense of the negligence action described above on behalf of Albina.

The cross-appellants urge that the subrogation of Glens Falls to the rights of Albina as against Safway included the right to recover these fees and litigation expenses.

The trial court found that the sum of $6,619.46 in expenses and court costs had been so paid by Glens Falls, and it was a reasonable and necessary sum incurred in defending the negligence suit. Furthermore, the court found that the additional sum of $22,500.00 was a reasonable amount for attorney fees likewise incurred by Glens Falls in the same defense. Only a part of these fees had actually been paid to the attorneys at the time of trial. These findings are supported by the record.

The cross-appellee argues that the expenses and attorney fees incurred by Glens Falls were not obligations of Albina nor had it paid them; hence under general indemnity rules the insurance company by subrogation succeeded to nothing. Cross-appellee further argues that no indemnity arises in Oklahoma until a payment has been made (15 O.S.A. § 427, subd. 2), thus no payment here by Albina, hence no recovery by Glens Falls.

We held in case No. 7617 above that Albina has a right of indemnity against Safway. Once this is decided there does not seem to be serious question but that Albina could have recovered the amount it was shown to have actually paid on the judgment against it.

It is established under Oklahoma decisions that reasonable attorney fees are recoverable when necessarily incurred in litigation with a third party as a consequence of a wrongful act of the defendant. It was expressly so held in Security State Bank of Comanche, Okl. v. W. R. Johnston & Co., 204 Okl. 160, 228 P.2d 169, where the court quoted such a doctrine from 25 C.J.S. Damages § 50, and from McGaw v. Acker, Merrall & Condit Co., 111 Md. 153, 73 A. 731. The legal fees and other expenses of such litigation are there treated as "legal consequences of the original wrongful act." The rule is broadly stated, and is not limited to tort nor to contract actions. The Oklahoma court had previously recognized the doctrine in Hertzel v. Weber, 118 Okl. 82, 246 P. 839. The A.L.I. Restatement, Torts, and of Contracts, states the same doctrine. See also Annot., 45 A.L.R.2d 1187, and General Electric Co. v. Mason & Dixon Lines, Inc., D.C., 186 F.Supp. 761. Thus had Albina itself defended the negligence suit and so incurred the attorney fees and expenses in question, it could have recovered them from Safway.

Did Glens Falls succeed to Albina's rights of indemnity by subrogation? We held in American Fidelity & Casualty Co. v. All American Bus Lines, Inc., 179 F.2d 7 (10th Cir.), a case arising from Oklahoma, that the insurer could maintain an action in its own name as a subrogee, and to the extent that the doctrine was applicable, it was a real party in interest under federal standards. The court traced the original equitable doctrine of subrogation into the merger of law and equity and showed how the technicality of having the insured sue had been abandoned. The issue was also treated in Staples v. Central Surety & Ins. Corp.,

62 F.2d 650 (10th Cir.). Thus in the case at bar Glens Falls and Albina were both proper parties; the trial court so ruled, and permitted them to recover for the amount paid to the judgment creditor. The judgment recites that Albina as trustee for Glens Falls and Glens Falls recover such amount. The trial court correctly concluded that Glens Falls was subrogated to "the rights of Albina." This is the right to be indemnified. Security Ins. Co. of New Haven v. Johnson, 276 F.2d 182 (10th Cir.).

Under Oklahoma law Albina's right to indemnity thus included the amount of the judgment, the attorney fees, and litigation expenses. Albina did not defend the suit nor pay on the judgment. Glens Falls undertook to perform both functions as it was required to do under its insurance contract. Thus in each instance Glens Falls incurred the expenses rather than Albina (except the amount of $3,765.56 described in No. 7617). Thus realistically Albina had no real obligation or liability for the defense nor on the judgment. It was only technically liable on the judgment, and it could likewise be said it was technically "liable" to defend.

In Staples v. Central Surety & Ins. Corp., 62 F.2d 650 (10th Cir.), a case arising from Oklahoma, it was argued, as it is here, that there was no cause of action in the indemnitee because he had paid no money on a judgment hence there was nothing to which the insurance company could be subrogated. The court rejected the argument and held that the insurance company succeeded by subrogation to the right of action against the indemnitor.

On the specific matter of the recovery of the attorney fees incurred by the insurer of the indemnitee, the courts which have been confronted by the issue have stated that if there had been no insurance the insured would have had to pay the judgment, costs, and fees, and would have had a right to recover them. Further it is there held that the insurer was subrogated to this right to recover such expenses and the amount of the judgment or settlement. The courts further state that the fact the insured carried a liability policy should not relieve the negligent party of its obligation to indemnify the insured for the judgment nor for fees and expenses arising from the original claim.

In Staples v. Central Surety & Ins. Corp., discussed above, this court held that the insurance company was subrogated to the rights of the insured. The insurance company had there paid a judgment, paid medical expenses, and had paid legal expenses. Recovery of the total of these payments was allowed.

The court in General Accident Fire & Life Assur. Corp. v. Smith & Oby Co. (6th Cir.), 272 F.2d 581, 77 A.L.R.2d 1134, had before it a case where there was an express indemnity agreement between the insured, a subcontractor, and the principal contractor. Thus the right of indemnity presented no question, but the court also gave judgment to the insurance company for its attorney fees and litigation expenses incurred in defending the principal contractor. The court stated that subrogation included the insured's right to recover fees. The court did not base its opinion as to this point on the fact that there was an express indemnity agreement.

The court in Lesmark, Inc. v. Pryce, 334 F.2d 942 (D.C.Cir.), also considered this issue. There was an express indemnity agreement between the insured and the party negligent which included attorney fees and expenses. The argument was there made that the insured was not entitled to attorney fees because its insurer provided the attorney to defend, and hence the insured was not "obligated nor responsible for the fee." The court said, in response to this argument, that the fact that insurance was carried by the insured did not relieve the negligent party of his obligation to indemnify for the judgments or claims. It also stated: "Similarly, it was not relieved of its liability for litigation expenses arising from those claims, which were also covered by insurance." The court noted that the insurer's agreement to provide at-

torneys rather than to reimburse the insured for attorney fees was an "understandable preference" by the insurer to control the litigation. See also United States Fidelity & Guaranty Co. v. Thomlinson-Arkwright Co., 172 Or. 307, 141 P.2d 817, and Annot., 77 A.L.R.2d 1143.

It is difficult to find a distinction between subrogation to the right to recover the amount of the judgment which was paid by another, and subrogation of the right to recover fees. In both instances the insured has paid nothing, thus the argument that payment by indemnitee is required is of little force. The fact that Albina had a liability on the judgment was noted above, but this is a technical one and not a real nor actual liability. It is not a practical basis to distinguish between the judgment and the fees. It would seem sufficient to say that in Oklahoma Albina could have recovered by indemnity the attorney fees and expenses had it paid them in defending the negligence suit. The insurance company is subrogated to the indemnitee's rights, and the trial court so held. It appears to be accepted in Oklahoma that the subrogated insurance company can sue in its own name to recover the amount of a judgment paid under the circumstances here present. There is no real difference between the recovery of the amount of a judgment so paid and the amount of attorney fees and expenses likewise paid by the insurer. The "right" of indemnity in Albina against Safway covered both categories. The recovery of the judgment by the insurer under these conditions does just as much violence to traditional doctrines of indemnity as the recovery of attorney fees. Since subrogation was to all "rights" of Albina and since there is no reason for making a distinction among them, we hold that Glens Falls' and Albina's claim for attorney fees and litigation expenses was proper and should have been allowed in such amounts as were found reasonable in paragraph 10 of the trial court's findings of fact, and upon a proper showing that the amounts therein recited have been paid. This would seem to satisfy the Oklahoma statute requiring payment.

This decision is based on the case law of Oklahoma as it applies to this somewhat unusual indemnity-subrogation situation, and cannot be considered as the expression of a principle of general application.

Case No. 7617 is affirmed as above noted. Case No. 7618, the cross-appeal, is reversed and remanded for further proceedings in accordance with this opinion.