BROCE CONSTRUCTION COMPANY OF OKLAHOMA, INC., Plaintiff in Error,

v.

TRADERS AND GENERAL INSURANCE COMPANY, a Corporation, Defendant in Error.

No. 42175.

Supreme Court of Oklahoma.

Jan. 27, 1970.

Tom Hieronymus, Woodward, for plaintiff in error.

Mart Brown, H. A. Bud Carter, Oklahoma City, for defendant in error.

JACKSON, Justice.

In Oklahoma Turnpike Authority and Broce Construction Company v. Walden (1962), Okl., 371 P.2d 920, Walden, as plaintiff, sued Broce Construction Company and the Oklahoma Turnpike Authority for damages sustained by Walden when his automobile collided with a truck used by Broce Construction Company which was making road repairs under a contract with Oklahoma Turnpike Authority. When the Walden claim arose the liability insurance carrier for Authority, Traders & General Insurance Company, made demand upon Broce Construction to defend the action for and on behalf of the Turnpike Authority as allegedly required by the road repair contract. Broce Construction refused to defend the action against the Turnpike Authority apparently upon the ground that an indemnity clause in a construction contract will not be construed as an indemnifying one against his own (Authority's) negligence unless such indemnification is clearly and explicitly required by the contract. After Broce refused to defend the action for Authority the action against Authority was defended by Traders & General Insurance Company. The instant action was brought by Traders & General Insurance Company against Broce, supra, to recover the expenses it incurred in defending the action against Oklahoma Turnpike Authority. After judgment in favor of Traders, as plaintiff, the defendant, Broce, has appealed.

For reversal Broce argues that the contract for repairs did not indemnify Authority for its own negligence and that since separate and distinct acts of negligence by Authority were alleged in Walden's petition in the action above mentioned, and since the indemnity clause of the contract only protected Authority from the acts of negligence of Broce and its employees, it was under no obligation to defend Authority for its own negligence. We do not so find.

In Walden's petition against Authority he alleged that Authority was negligent in contracting with Broce to do the work knowing that Broce would be required to pull the trucks on and off the turnpike, and cross the center median, and knowing that such would be hazardous unless proper flagmen, signals, lights and signs were placed to warn the traffic using the highway; and that the failure of the Authority to put up proper signs, warnings, and flagmen at the time and place of the accident, created a trap for the plaintiff.

The decisive issue in the instant case is not whether Authority was negligent and thus liable to Walden, but wheth-

er Broce agreed with Authority to provide all of the necessary protective devices and operations to protect those travelling upon the turnpike, and whether it contracted to hold Authority harmless for Broce's failure to do so.

The accident occurred when Walden was attempting to overtake and pass a dump truck travelling west on the turnpike when the truck made a left turn to cross the median and struck Walden's vehicle.

In pertinent part the contract between Broce and Authority provided:

"The convenience and safety of the travelling public on the Turnpike, and the protection of persons and property are of first importance and shall be provided for by the Contractor (Broce) in an adequate and satisfactory manner."

"The contractor shall provide all flag-men necessary for adequately handling traffic and protecting his operations during construction. These shall include a flagman at each location where Turnpike traffic is taken across the median to two-lane operation and back across the median to normal operation of traffic at the end of the resurfacing section. Flagmen at these two locations shall be provided 24 hours a day at all times either side of the Turnpike is closed to traffic. In addition, flagmen shall be provided at any point where the Contractors' trucks or equipment are crossing the median when such operations are in progress and crossing is permitted by the Engineer."

In addition to the foregoing the contract was meticulous in requiring Broce to provide signs, warning lights, barricades, flags and flagmen for the protection of the public. The contract further provided:

"106.09—Responsibility for Damage Claims. The Contractor shall indemnify and save harmless the Authority and all its officers, agents, and employees from all suits, actions or claims of any character, name and description brought for or on account of any injuries or damages received or sustained by any person, persons, or property by or from the said Contractor or his employees, or by or in consequence of any neglect in safeguarding the work, * * * or by or on account of any act or omission, neglect or misconduct of said Contractor * * *."

In the instant case protection of the travelling public was placed upon Broce by the contract. Broce was required to provide flagmen at the point where its trucks were crossing the median. Broce agreed to indemnify Authority in consequence of its neglect in safeguarding the work. We think this language clearly indicates an intention of the parties that Broce would hold Authority harmless for an accident arising out of the use of trucks operated by Broce. 41 Am.Jur.2d § 15.

■ In a second proposition, Broce argues that even if it was required by the terms of the contract to fully indemnify the Authority for all of its expenses, this requirement was in effect abandoned or waived as to one-half of the cost of the case made in the Walden case by an executed oral agreement made after the trial of the Walden action, in which each party agreed to, and did, pay one-half of the cost of the case made on appeal. We find competent evidence in the record, however, to support the trial court's judgment against Broce on this point. There was evidence that the agreement to split the cost of the casemade was made as a matter of convenience at a time when Broce and the Authority were trying to persuade the insurance carrier of the driver of the truck to pay the costs of the Walden action. A letter to counsel for Broce from counsel for the Authority discussing the matter included the following sentence: "This, of course, is not intended as a waiver of any right of indemnity or other protection by reason of the contract between Broce Construction Company and the Oklahoma Turnpike Authority".

The judgment of the trial court is affirmed.

All the Justices concur.