488 P.2d 987

**The HOWARD P. FOLEY COMPANY, Appellant,**

v.

**EMPLOYERS–COMMERCIAL UNION, a corporation, formerly the Employers Fire Insurance Company, a corporation, Appellee.**

No. 2 CA–CIV 951.

Court of Appeals of Arizona, Division 2.

Sept. 27, 1971.

Rehearing Denied Oct. 14, 1971.

Review Denied Nov. 4, 1971.

Browder, Gillenwater & Daughton by Robert W. Browder, Phoenix, for appellant.

Mesch, Marquez & Rothschild by Tom R. Clark, Tucson, for appellee.

HOWARD, Judge.

The sole question on this appeal is whether Employers was entitled to recover from Foley legal fees which it had paid its own attorneys to defend an action brought against its insured.

The undisputed facts are as follows. Foley and Robert E. McKee, Employers' insured, were defendants in a wrongful death action. The claim arose out of work performed by Foley, a sub-contractor for McKee, the general contractor. The sub-contract agreement between Foley and McKee provided:

"Sub-Contractor hereby agrees to defend at its own cost and to indemnify and hold harmless the Contractor, its agents and employees, from any and all liability, damages, losses, claims, and expenses, howsoever caused, resulting directly or indirectly from or connected with the performance of this agreement, irrespective of whether such liability, damages, losses, claims and/or expenses were actually or allegedly caused wholly or in part through the negligence of Contractor or any of its agents, employees or other Sub-Contractors."

A liability insurance policy issued by Employers covered McKee and, pursuant to its policy obligation to defend, Employers retained its attorneys to defend McKee. McKee's defense of the lawsuit was tendered to and declined by Foley. An out-of-court settlement was subsequently effected by Foley to which neither McKee nor Employers contributed. McKee's liability insurance policy contained the following:

"Subrogation. In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

Employers filed the instant suit against Foley, alleging in its complaint that it had defended McKee in the wrongful death action and had expended the sum of $4,695.41 in so doing. It claimed that as subrogee of McKee it was entitled to indemnity for the costs and expenses of the defense. Both parties subsequently moved for summary judgment. Appended to Employers' motion was an affidavit signed by John K. Mesch of the law firm of Mesch, Marquez & Rothschild, the substance of which was that the sum of $4,165 had been charged Employers for legal fees and that the sum of $466.03 had been expended on additional costs. The parties stipulated that no factual issues existed, that one of the motions

for summary judgment should be granted and that if Employers was entitled to recover, the amount in controversy was $4,695.41. Employers' motion was granted and this appeal followed.

Foley concedes that the subject indemnity agreement includes indemnity for attorney's fees and other expenses involved in defending a claim. Its position, however, is that the subrogee, Employers, stepped into the shoes of its insured and since McKee neither paid for nor was legally obligated to pay the attorney's fees and expenses of its defense in the wrongful death suit, McKee had no "right of recovery" and therefore neither did Employers. Foley further concedes that if McKee had been legally obligated to obtain and pay for legal representation, it could have asserted a claim against Foley under the indemnity agreement. It argues, however, that the monies paid by Employers were paid because only Employers was obligated to pay them, citing the cases of John Wanamaker, New York, Inc. v. Otis Elevator Co., 228 N.Y. 192, 126 N.E. 718 (1920); Fireman's Fund Ins. Co. v. North Carolina Farm Bureau Mutual Ins. Co., 269 N.C. 358, 152 S. E.2d 513 (1967); Rohm & Haas Co. v. Lessner, 168 Pa.Super. 242, 77 A.2d 675 (1951), Hartford Accident & Indemnity Co. v. South Carolina Ins. Co., 252 S.C. 428, 166 S.E.2d 762 (1969), to support its argument.

Of these four cases, only the *Rohm* case involves a factual situation such as we have here—in other words, an express indemnity agreement between a contractor and sub-contractor and an insurer's right of subrogation, and this case has been overruled in Boiler Engineering & Supply Co. v. General Controls, Inc., 443 Pa. 44, 277 A.2d 812 (1971).

■ We are inclined to follow those cases which have recognized the right of an indemnitee's insurer, who has defended an action against the indemnitee, to recover costs and attorney's fees from the indemnitor. See Safway Rental & Sales Co. v. Albina Engine & Machine Works, Inc., 343 F.2d 129 (10th Cir. 1965); Lesmark, Inc. v. Pryce, 118 U.S.App.D.C. 194, 334 F.2d 942 (1964); General Accident Fire & Life Assurance Corp. v. Smith & Oby Co., 272 F.2d 581 (6th Cir. 1959), rehearing denied 274 F.2d 819, (6th Cir. 1960); Wiseman v. North Central Airlines Co., Inc., 246 F.Supp. 775 (S.D.S.D.1965); New Amsterdam Casualty Co. v. Kilroy Structural Steel Co., Ohio App., 81 Ohio Law Abst. 527, 159 N.E.2d 797 (1959); St. Paul Mercury Indemnity Co. v. Kopp, Ohio App., 70 Ohio Law Abst. 259, 121 N.E.2d 23 (1954); Broce Construction Co., Inc. v. Traders of General Ins. Co., 465 P.2d 475 (Okl.1970); St. Paul Fire & Marine Ins. Co. v. United States Nat. Bank, 251 Or. 377, 446 P.2d 103 (1968); Boiler Engineering & Supply Co. v. General Controls, Inc., supra; National Farmers Union Property & Casualty Co. v. Farmers Insurance Group, 14 Utah2d 89, 377 P.2d 786 (1963).

In the *Lesmark* case, it was stated:

"We turn now to Lesmark's contention that the Charrons [indemnitee] are not entitled to indemnification for counsel fees because their insurance carrier furnished the counsel who appeared for them and they 'are neither obligated nor responsible for the fee.' We cannot agree. The fact that the Charrons carried liability insurance which covered the claims of Pryce and Ash [judgment creditors] did not relieve Lesmark of its obligation to indemnify the Charrons against such claims, and Lesmark does not contend otherwise. Similarly, it is not relieved of its liability for litigation expenses arising from those claims, which were also covered by insurance. And the insurer's agreement to provide direct legal representation rather than reimbursement for attorneys' fees merely reflects an understandable preference of the insurer to control the litigation." 334 F.2d at 945.

Another observation to the same effect is found in Safway Rental & Sales, Co., supra:

"It is difficult to find a distinction between subrogation to the right to recover the amount of the judgment which was paid by another, and subrogation of the right to recover fees. In both instances the insured has paid nothing, thus the argument that payment by indemnitee is required is of little force. The fact that Albina [insured] had a liability on the judgment was noted above, but this is a technical one and not a real nor actual liability. It is not a practical basis to distinguish between the judgment and the fees. It would seem sufficient to say that in Oklahoma Albina could have recovered by indemnity the attorney fees and expenses had it paid them in defending the negligence suit. The insurance company is subrogated to the indemnitee's rights, and the trial court so held. It appears to be accepted in Oklahoma that the subrogated insurance company can sue in its own name to recover the amount of a judgment paid under the circumstances here present. There is no real difference between the recovery of the amount of a judgment so paid and the amount of attorney fees and expenses likewise paid by the insurer. The 'right' of indemnity in Albina against Safway covered both categories. The recovery of the judgment by the insurer under these conditions does just as much violence to traditional doctrines of indemnity as the recovery of attorney fees. Since subrogation was to all 'rights' of Albina and since there is no reason for making a distinction among them, we hold that Glens Falls' and Albina's claim for attorney fees and litigation expenses was proper and should have been allowed * * *." 343 F.2d at 135.

■ Employers, in assuming the defense of McKee after Foley had refused, was obligated to do so under the terms of its policy. It is specious to say, as Foley contends, that since McKee incurred no expense nor was legally obligated for any, there is no subrogation. Had McKee paid the attorney's fees and expenses and then been reimbursed by Employers, the latter would have subrogation rights against Foley. We do not think this procedure is necessary to establish the rights of the insurer under the circumstances of this case. Subrogation is an equitable device to compel the ultimate discharge of a debt or obligation by the one who in good conscience ought to pay or discharge it. Central National Bank & Trust Co. v. Central Illinois Light Co., 65 Ill.App.2d 287, 212 N.E.2d 489 (1965). We conceive that Foley is not entitled to benefit from a contract providently made and paid for by McKee and therefore, hold that Employers was entitled to summary judgment.

■ Employers has requested an allowance of attorney's fees for this appeal. It is true that appellate courts of this state have permitted recovery of such fees for prosecuting an appeal where the parties' contract so provided. See e. g. Steele v. Vanderslice, 90 Ariz. 277, 367 P.2d 636 (1961); Edwards v. VanVoorhis, 11 Ariz. App. 216, 463 P.2d 111 (1970). Neither these cases nor the case of United States Steel Corp. v. Emerson-Comstock Co., 141 F.Supp. 143 (N.D.Ill.1956), cited by Employers, are apposite. In the latter case, recovery of attorney's fees and costs incurred on appeal in the *negligence* action were allowed to the indemnitee where the indemnitor had refused to defend it. However, legal fees and expenses incurred in connection with trial of the issue of *indemnity* are not recoverable by the indemnitee. General Electric Co. v. Mason & Dixon Lines, Inc., 186 F.Supp. 761 (W.D. Va.1960); Sun Indemnity Co. v. Landis, 119 Colo. 191, 201 P.2d 602 (1948); Boiler Engineering & Supply Co. v. General Controls, Inc., supra; 42 C.J.S. Indemnity § 13d, p. 587; 41 Am.Jur.2d Indemnity § 36, p. 726–27. We, therefore, reject Employers' request.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.