502

Submitted on appellant's petition for attorney fees June 20, allowed September 20, 1973

HARTFORD ACCIDENT AND INDEMNITY COMPANY, *Appellant, v.* MAUS ET VER, *Defendants,* PYLE ET UX, *Respondents.*

514 P2d 61

Randall E. Thwing and Thwing, Atherly & Butler, Eugene, for the petition.

A. J. Morris and Bailey, Hoffman, Morris & Van Rysselberghe, Eugene, contra.

DENECKE, J.

We held for the plaintiff, Hartford, in its action for indemnity. *Hartford Accident and Indemnity Co. v. Maus,* 266 Or 203, 511 P2d 839, decided July 6, 1973. Plaintiff has petitioned to be reimbursed for the attorney fees incurred on appeal.

The defendants resist contending that "attorney fees recoverable are limited to the defense of the claim indemnified against, and does not extend to services rendered in establishing the right of indemnity." That may be the correct rule when the indemnitee is seeking reimbursement for attorney fees on an implied contract of indemnity. That question is not before us and we need not answer it. This action is based upon an express indemnity agreement and whether defendants are liable for plaintiff's attorney fees for establishing plaintiff's right to indemnity depends upon the terms of the contract of indemnity.

Paragraph SECOND of the indemnity agreement provides:

"That the undersigned will at all times indemnify and keep indemnified the surety and hold and save them harmless from and against any and all liability for damages, loss, costs, charges, and expenses of whatsoever kind or nature (including counsel and attorney's fees) which the surety shall or may, at any time sustain or incur by reason or in consequence of having executed the bond or other instrument herein applied for, or any and all other bonds or other instruments executed for or at the instance and request of the undersigned; and will pay over, reimburse and make good to surety, its successors and assigns, all sums and amounts of money which the surety or its representatives shall pay or cause to be paid or become liable to pay by reason of the execution of such instruments, or in

connection with any litigation, investigation or other matters connected therewith."

This provides that the defendants agree to pay plaintiff for attorney fees incurred "in consequence of having executed the bond * * * or in connection with any litigation" arising by reason of the execution of the bond.

In *Fidelity & Deposit Co. v. Whitson,* 187 Cal App2d 751, 756, 10 Cal Rptr 6 (1961), the indemnity agreement provided:

> "* * * In paragraph Second, defendant agreed to indemnify and hold harmless the plaintiff from and against any and all loss, liability, damages, costs counsel fees, charges and expenses of whatever nature or kind which the plaintiff shall or may at any time incur, sustain or be put to, for or by reason or in consequence of the execution of the bonds which were executed by plaintiff in connection with the Burnett Elementary School job; * * *."

That action was to establish the plaintiff's right to indemnity, as is the present action. The court stated: "As for the award of fees for the maintenance of the present action, appellant does not question that he is liable therefor under paragraph Second of the contract, * * *." 187 Cal App2d at 759. A concession of counsel does not establish the law; however, his concession is some verification that the indemnity clause quoted clearly establishes the right to attorney fees in this type of action.

*Howard P. Foley Co. v. Employers-Commercial Union,* 15 Ariz App 350, 488 P2d 987 (1971), cited by defendants, had an express indemnity agreement, but the court apparently felt it was not broad enough to

encompass attorney fees incurred in establishing indemnity and relied upon the law of implied indemnity to deny an award of attorney fees. *General Electric Co. v. Mason & Dixon Lines, Inc.,* 186 F Supp 761 (WD Va 1960), also cited by defendants, involved an implied indemnity agreement.

Plaintiff is awarded $1,500 attorney fees.