UNITED GENERAL INSURANCE COMPANY, A Texas Insurance Corporation, and Sam's Well Service, Inc., A Texas Corporation, Plaintiffs,

v.

CRANE CARRIER COMPANY, A CCI Company, A Delaware Corporation, Defendant and Third Party Plaintiff,

v.

NEWPORT HYDRAULICS, INC., Third Party Defendant.

No. 59523.

Supreme Court of Oklahoma.

July 3, 1984.

Phillip Warren Redwine, Kenneth R. Coe, Norman, for plaintiffs.

Haven Tobias, Robert S. Baker, David D. Wilson, Oklahoma City, for defendant and third-party plaintiff.

Joe A. Dickerson, Santa Ana, Cal., for third-party defendant.

## ORDER

Petition for Rehearing is hereby granted. It is hereby ordered that the opinion of this Court dated April 12, 1983 (54 OBJ 974) is hereby withdrawn and the opinion of this Court promulgated this date be substituted therefor.

BARNES, C.J., SIMMS, V.C.J., and LAVENDER, DOOLIN, HARGRAVE, OPALA, WILSON and KAUGER, JJ., concur.

HODGES, J., dissents.

LAVENDER, Justice:

The parties submitted the following stipulations of fact:

(1) The plaintiffs, United General Insurance Company and Sam's Well Service, Inc., brought suit against the defendant, Crane Carrier Company, alleging that as a result of the defendant's negligence, improper performance of service work, installation of a defective tilt cylinder, and breach of express and/or implied warranties, the derrick on the plaintiffs' oil well servicing rig fell and the unit was damaged.

(2) The plaintiffs' theories of negligence, improper performance of service work and breach of express warranties were dismissed by the court at the close of the plaintiffs' evidence on the defendant's Motion to Dismiss.

(3) The jury was instructed by the court on the plaintiffs' theories of manufacturers' products liability, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. The verdict forms reflected and the jury was instructed that a verdict in favor of the plaintiffs could be returned on the theory of manufacturers' product liability and/or on the theory of breach of implied warranty, either of merchantability or fitness for a particular purpose.

(4) The jury returned a verdict in favor of the plaintiffs on the theory of manufacturers' product liability and on the theory of breach of implied warranty, either of merchantability or fitness for a particular purpose.

(5) The jury also returned a verdict in favor of the defendant-third party plaintiff on its claim against the third-party defendant, Newport Hydraulics, Inc., for the full amount of the judgment awarded the plaintiffs against the defendant-third party plaintiff.

(6) The plaintiffs, as the prevailing parties, seek to recover an attorney's fee from the defendant pursuant to 12 O.S. 1981, § 936 on their action based on breach of implied warranty.

(7) The defendant-third party plaintiff as the prevailing party on the third-party claim seeks to recover from the third-party defendant not only an attorneys' fee for litigating the third-party claim but also the attorney's fee, if any, recovered by the plaintiff from the defendant-third party plaintiff.

## ANSWER—QUESTION NO. 1

12 O.S.1981, § 936 provides:

"In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, *or contract relating to the purchase or sale of goods, wares, or merchandise* or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." (Emphasis ours.)

In *Hardesty v. Andro Corporation-Webster Division*, Okl., 555 P.2d 1030 (1976),[1] we held attorney fees are recoverable by the prevailing party in an action for breach of warranty under the Oklahoma Commercial Code (12A O.S. 1981, §§ 1–101, et seq.) by virtue of 12 O.S.1981, § 936. Accord, *Hoort v. Oklahoma Truck Parts, Inc.*, Okl. App., 650 P.2d 71 (1981).

■ It is well established that the right to attorney fees did not exist at common law, and, therefore, any award of attorney fees must be based upon statutory enactment. *National Educators Life Insurance Company v. Apache Lanes, Inc.*, Okl., 555 P.2d 600 (1976). There are no Oklahoma statutes authorizing attorney fees to the prevailing party in manufacturers' product liability actions.

12 O.S.1981, § 264.1 provides:

"A party may rely on two or more legal theories for relief or defense, in the alternative, regardless of consistency of the theories or the relief demanded, and he shall not be required to elect the theory on which he will rely. Where a party relies on two or more theories for relief or defense, he may state the facts which support his theories in one count or paragraph or in separate counts or paragraphs, but he shall state the facts which support each theory in separate counts or paragraphs where this will facilitate the clear presentation of the claim or defense. A party may plead inconsistent facts to support his theories where he is uncertain as to what facts the proof will support."

The statute comports with 28 U.S.C. Fed. R.Civ.Proc., Rule 8(e) which provides:

"A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses."

No issue is here raised as to the propriety of submitting to the jury the alternative remedies of manufacturers' product liability and breach of warranty, nor in light of the foregoing Oklahoma statute and Federal Rule, would such an issue be warranted.

Here the cause was submitted to the jury on the theory of manufacturers' product liability and on the separate theory of breach of implied warranty, either of merchantability or fitness for a particular purpose. The jury returned a verdict in favor of claimant on both theories.

■ Thus, while the plaintiff cannot recover attorney fees on the products liability cause, he may do so on the warranty cause, *provided that a cause of action for implied warranty remains a viable cause of action in light of our holding in Kirkland v. General Motors Corporation*, Okl., 521 P.2d 1353 (1974).

In *Cochran v. Buddy Spencer Mobile Homes, Inc.*, Okl.App., 618 P.2d 947, 949 (1980), the Court of Appeals said:

"*Kirkland* does not stand for the proposition that the only recourse a plaintiff has when a defective product causes injury to him or his property is an action in products liability. *Kirkland* merely provides an alternative cause of action that requires a different type of proof, which is not encumbered by the tort defenses to negligence or the contract defenses to breach of an implied warranty. *Kirkland*, at 1362, Restatement (SECOND) of Torts § 402A, Comment m (1965). The older causes of action for personal or property injury are still available to a litigant. Certainly, a plaintiff may seek redress for such injuries under a theory of negligence. *Kirland*, at 1353 (Syllabus 1). A plaintiff may also seek redress on a theory of breach of an implied warranty, if he pleads facts to bring him within the provisions of Article 2 of the Uniform Commercial Code, 12A O.S. 1971, §§ 2–201 to 2–725 ...." Citations omitted).

We agree for the following reasons:

*Highland Carpet Mills*, Okl., 604 P.2d 849 (1980).

---

**1.** Overruled in part on grounds not involving the issues in this case in *Old Albany Estates v.*

Syllabus 7 (by the Court) in *Kirkland* states:

"7. The *theory* of implied warranty recovery for injuries to person heretofore existing in this jurisdiction *is merged* into the *theory* and doctrine of manufacturers' products liability, *and except for Uniform Commercial Code application, is no longer viable.*" (Emphasis added.)

Thus, it is the *theories* that are merged, *not the causes of action.* The term "merged" as used therein was not intended in the technical sense as applied to causes of action, i.e., the fusion or absorption of one cause of action into another cause of action. This becomes abundantly clear when the quoted syllabus is read in the context of the body of the opinion (1364–1365) which relates to the syllabus. There we said:

"The guise of warranty was effectively disposed of in *Greenman v. Yuba Power Products, Inc.* [59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897 (1963)], supra, by defining the theory of strict liability therein adopted as being founded in tort rather than contract, grounded in the policy of protection of the consumer. In this opinion, we have pointed out why this Court should distinguish the liability of the manufacturer for a defective product from any liability that is contractual in nature, and support that distinction by quoting a portion of the Restatement of the Law, Torts 2nd, § 402A, comment m, and arguments put forth by the California court in the *Greenman* case, supra. Thus we conclude, notwithstanding the interpretation placed on the *Marathon* [*Battery Co. v. Kilpatrick*, Okl., 418 P.2d 900 (1965)] case, supra, and prior authorities of this jurisdiction (see footnote 5) THAT BREACH OF IMPLIED WARRANTY IS NO LONGER AN APPROPRIATE REMEDY FOR RECOVERY IN PRODUCTS LIABILITY ACTIONS EXCEPT AS PROVIDED IN THE UNIFORM COMMERCIAL CODE." (Capitals added for emphasis.)

In extensively reviewing the historical development of the law of manufacturers' product liability in Oklahoma and in other jurisdictions, and in fashioning Oklahoma's version of manufacturers' products liability, *Kirkland* did not intend nor purport to abolish traditional causes of action brought in tort or in contract, including implied warranty, nor to merge them in the technical sense. Rather, it was the expressed intention of the Court that a new cause of action be created independent of either, but which embraced some of the advantages of each, and which divested itself of some of their shortcomings.

We therefore answer the first certified question in the affirmative.

## ANSWER—QUESTION NO. II

In determining our answer to Question II, we distinguish between indemnification of the defendant third-party plaintiff from the third-party defendant (a) the attorney fees expended in litigating the third-party action, from (b) the attorney fees that the plaintiffs recover from the defendant, and hold that the former are not recoverable, but the latter are recoverable.

In *Porter v. Norton-Stuart Pontiac-Cadillac of Enid*, Okl., 405 P.2d 109 (1965), we quoted with approval 27 Am.Jur. *Indemnity*, Sec. 18:

" * * * one constructively liable for a tort is generally held entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of the common law, and irrespective of the existence of an express contract to indemnify. Accordingly, it has been stated that a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not."

And we held:

"Where two parties are jointly liable to a third party in respect of a tort, one of

them primarily for the reason that he is the actual wrongdoer, and the other secondarily and constructively under the rule of a respondeat superior but without any fault having a causal connection with the third party's injuries, the latter may recover from the former the amount he has been compelled to pay as damages for the injury."

The *Porter* case involved an indemnity action by Norton-Stuart to recover the contribution it had made to affect a settlement and its counsel fees and costs. Norton-Stuart recovered a judgment in the trial court which included its counsel fees and costs. This court affirmed the judgment in favor of Norton-Stuart on the theory of right to indemnity. However, the question of whether Norton-Stuart was entitled to recover its counsel fees and costs was not placed in issue on appeal.

■ As a general rule, an indemnitee is entitled to recover as part of his damages, reasonable attorney's fees. The allowance of attorney's fees is limited to the defense of the claim indemnified against and does not extend to services rendered in establishing the right of indemnity. 41 Am. Jur.2d *Indemnity*, Sec. 36; and 42 C.J.S. *Indemnity*, Sec. 13(d). The above authorities were cited by the Washington Supreme Court in *Jones v. Strom Construction Co., Inc.*, 84 Wash.2d 518, 527 P.2d 1115 (1974), wherein the court held that in the absence of express contractual terms to the contrary, an indemnitee may not recover legal fees incurred in establishing his right to indemnification.

In *Chetopa State Bancshares, Inc. v. Fox*, 6 Kan.App.2d 326, 628 P.2d 249 (1981), it is stated that absent statutory authorization, an indemnitee cannot recover attorney fees in a suit to enforce the indemnity contract unless the terms of the contract so provide. See also *Foley v. Employers-Commercial Union*, 15 Ariz.App. 350, 488 P.2d 987 (1971).

The Pennsylvania Supreme Court in *Boiler Engineering and Supply Co. v.*

*General Controls, Inc.*, 443 Pa. 44, 277 A.2d 812 (1971) said that the vast majority of jurisdictions adhere to the rule that the *nominal* indemnitee may recover attorney's fees and costs along with the actual judgment against the indemnitor, but only those expenses engendered by the *defense* litigation and not that portion allocable to the indemnification litigation may be recovered.

■ We therefore hold that where the jury returns its verdict in favor of the defendant third-party plaintiff against the third-party defendant for the full amount of the judgment awarded against the defendant third-party plaintiff, the defendant third-party plaintiff is not entitled to recover from the third-party defendant the attorney's fee expended in litigating the third-party action for the reason that an indemnitee cannot recover attorney fees in a suit to enforce the indemnity contract in the absence of an express contract for such indemnification.

■ We likewise hold that the defendant third-party plaintiff is entitled to recover from the third-party defendant the attorney fees that the plaintiffs recover from the defendant under the general rules of indemnity that where a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether an express indemnity contract between the parties is in existence or not.

CERTIFIED QUESTIONS ANSWERED.

BARNES, C.J., SIMMS, V.C.J., and DOOLIN, HARGRAVE, OPALA, WILSON and KAUGER, JJ., concur.

HODGES, J., dissents.