**C.T. LEWIS, Appellee,**

v.

**FEDERAL–PACIFIC ELECTRIC CO., Appellant.**

**No. 61665.**

Court of Appeals of Oklahoma, Division No. 3.

June 16, 1987.

Rehearing Denied July 14, 1987.

Certiorari Denied Sept. 23, 1987.

John Wiggins & Randall L. Sewell, Short, Barnes, Wiggins, Margo & Adler, Oklahoma City, for appellant.

Don M. Vaught, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellee.

BAILEY, Judge:

This case comes on for review of the Trial Court's denial of Appellant's motion for attorney fees, which request was interposed after a jury returned a verdict against Appellee and for Appellant in Appellee's products liability action. Appellee filed suit against Appellant, alleging that a defectively designed and manufactured heater of Appellant caused a fire in Appel-

lee's home, resulting in destruction of the house. After hearing the evidence, the jury returned a verdict for Appellant on Appellee's action. Thereafter, Appellant sought its attorney fees incurred in defense of the action under 12 O.S.1981 § 940, which provides:

"In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action." 12 O.S.1981 § 940(A).

The Trial Court, after hearing argument, denied Appellant's request, and this appeal ensued.

While the above quoted section of our Oklahoma statutes might arguably cover an action such as Appellant's, our Supreme Court has previously addressed precisely this same issue, and has determined that no Oklahoma statute allows for the recovery of attorney fees in product's liability actions:

"It is well established that the right to attorney fees did not exist at common law, and, therefore, any award of attorney fees must be based upon statutory enactment. (Citations omitted.) THERE ARE NO OKLAHOMA STATUTES AUTHORIZING ATTORNEY FEES TO THE PREVAILING PARTY IN MANUFACTURER'S PRODUCT LIABILITY ACTIONS." *United General Insurance Company v. Crane Carrier Company,* 695 P.2d 1334 (Okl.1984). (Emphasis added).

In that case, our Supreme Court was called upon to determine whether, in a case prosecuted under products liability and breach of implied warranty theories, the prevailing plaintiff was entitled to attorney fees on the products liability theory. The court reasoned that because no statute expressly provides for an award of attorney fees in product's liability actions, no such fees were recoverable. However, the Supreme Court ruled that because plaintiff had prevailed on the breach of implied warranty

cause, that attorney fees were recoverable under 12 O.S.1981 § 936, which provides for recovery of attorney fees in actions based on contracts for sale of goods. As 12 O.S.1981 § 940 was enacted in 1979, clearly five years before the *United General* decision in 1984, and the Supreme Court specifically held in that case that no Oklahoma statute authorizes attorney fees in product's liability actions, we deem the *United General* decision determinative of this appeal, and the ruling of the Trial Court is therefore AFFIRMED.

HANSEN, P.J. and HUNTER, J. concur.