INGRAM, Presiding Judge.
A McDonald’s customer who was injured by consuming a portion of a sausage biscuit containing a foreign object filed suit against the restaurant operator — Jack Smith Enterprises, Inc., d/b/a McDonald’s (McDonald’s) — and Northside Packing Company, the manufacturer of the sausage patty. Northside agreed to indemnify McDonald’s and to assume McDonald’s defense; however, Northside refused to accept responsibility for attorney fees incurred by McDonald’s prior to the date of the agreement to indemnify. Thereafter, McDonald’s filed a claim against Northside, seeking reimbursement of its attorney fees incurred prior to the time McDonald’s tendered its defense. The trial court granted Northside’s motion to dismiss, and McDonald’s appeals.
The issue raised in this appeal is whether attorney fees incurred prior to reaching an indemnification agreement should be in- *746 eluded as an element of recovery in the indemnification.
We note at the outset that the issue presented in this case is one of first impression for this court. McDonald’s cites us to a number of cases supporting the proposition that indemnity agreements do contemplate the payment of attorney fees. E.g., E.C. Ernst, Inc. v. Manhattan Const. Co., 551 F.2d 1026 (5th Cir.1977), cert. denied, 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978). However, we view McDonald's reliance on Ernst and like cases as misplaced here, because they concern the construction of a preexisting contractual indemnity agreement. That matter is not before this court.
We are aware that it appears to be well settled in other jurisdictions that an indemnitee is entitled to recover, as part of the damages, reasonable attorney fees which it is compelled to pay as a result of suits against it in reference to the matter against which it is indemnified. 42 C.J.S. Indemnity § 13(d) (1968). The indemnification of attorney fees is, however, subject to certain limitations. For instance, the allowance of attorney fees is limited to the defense of the claim indemnified against and does not extend to services rendered in establishing the right of indemnity. 41 Am.Jur.2d Indemnity § 36 (1955); See, e.g., United General Ins. Co. v. Crane Carner Co., 695 P.2d 1334 (Okla.1984); Ernst, supra.
Furthermore, there is considerable authority holding that an indemnitee is precluded from recovering attorney fees where the indemnitee has been required to defend accusations which encompass his own separate wrongful acts. See, e.g., Farr v. Armstrong Rubber Co., 288 Minn. 83, 179 N.W.2d 64 (1970); Piedmont Equipment Co. v. Eberhard Mfg. Co., 99 Nev. 523, 665 P.2d 256 (1983). In other words, indemnification, including attorney fees, is allowed where one is defending claims predicated solely upon another defendant’s negligence; however, where one is defending for his own benefit, an award of attorney fees will not be allowed.
Turning to the facts of this case, we note that the complaint in the underlying personal injury action was filed against both McDonald’s and Northside and alleged that each had breached the warranty of merchantability. This placed McDonald’s in the position of defending allegations of its own negligence. Indeed, it is clear from the record that McDonald’s followed the steps that would normally be taken in the defense of a lawsuit. For example, McDonald’s answered the complaint with a general denial, propounded interrogatories, requested medical records, and requested an independent medical examination of the plaintiff. We note that the steps taken by McDonald’s tend to indicate not only that it was attempting to establish its right of indemnification, but also that it remained in the suit in order to defend itself against any negligent acts which were discovered.
The record further shows that, although McDonald’s asserted defenses as to the plaintiff’s claims against it, McDonald’s did not assert any affirmative defenses alleging that Northside’s active negligence proximately caused the plaintiffs injuries, nor did McDonald’s file a cross-claim seeking indemnity, attorney fees, and expenses against Northside until after discovery was completed and the initial trial date established. In fact, McDonald’s did not tender its defense to Northside and request indemnification and attorney fees from Northside until after the original trial setting was continued.
Soon after the tender, Northside advised McDonald’s that it would assume the defense of McDonald’s and further indemnify McDonald’s relative to the claims made by the plaintiff. Northside, however, specifically declined to accept responsibility for attorney fees incurred by McDonald’s pri- or to the time its defense was tendered. Also, although the insurer of McDonald’s did put Northside on notice of the potential claim soon after the suit was filed, McDonald’s did not demand indemnification from Northside until extensive discovery had taken place.
We find that these facts are consistent with a conclusion that the attorney fees *747 incurred by McDonald’s prior to North-side’s agreement to indemnify resulted from McDonald’s defending allegations of its own wrongdoing and from establishing its right to indemnification.
Although indemnification may include attorney fees incurred after the tender of defense, we expressly hold, in light of the prevailing view in other jurisdictions, that attorney fees incurred in establishing the right to indemnification or in the defense of claims of negligence are not a proper element of recovery in the indemnification. To hold otherwise would provide for the recovery of attorney fees prior to a tender of defense in a situation where such fees are not provided by statute or by contract, perhaps eventually allowing a co-defendant who has successfully defended the claims of a plaintiff against it to sue an unsuccessful codefendant in a later action for indemnification, including costs of litigation and attorney fees. Therefore, we find that the trial court properly refused McDonald’s claim for attorney fees incurred prior to the agreement to indemnify. Accordingly, this case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.