h GREMILLION, Judge.
The third-party plaintiffs, Investors Ryan and Goodyear Tire & Rubber Company, appeal the trial court’s grant of summary judgment in favor of the third-party defendants, Snap On Tools Corporation and Alert Stamping & Manufacturing Company, Inc., dismissing claims of indemnity against them with prejudice. For the following reasons, we affirm.
FACTS
This matter has a prolonged history dating back to August 18, 1990. On that date, Carl Hesse, an employee of Goodyear, was electrocuted when he grabbed a vehicle’s water pump after hanging a portable work light on its engine block. Goodyear leased the premises where the accident occurred from Investors-Ryan. Hesse and his wife, Gwendolyn, filed suit seeking damages naming several defendants in the suit and adding others along the way. Those pertinent to this appeal are Goodyear, Investors-Ryan, Snap-On, and Alert Stamping. The Hesses based their claims on two distinct acts of strict liability and/or negligence. The first involved the manufacture and/or distribution of the alleged defective *689 work light by Snap On and Alert Stamping, while the second concerned the alleged liability of Investors-Ryan and Goodyear based on premises liability. In a third-party demand, Investors-Ryan sought indemnity from Goodyear based on a provision in its lease requiring Goodyear to indemnify and hold it harmless from any loss, damage, or injury to persons resulting from Goodyear’s use of the premises. The Hesses’ claims against Goodyear, which were also based on premises liability, were later dismissed by summary judgment based on its employer immunity pursuant to the Workers’ Compensation I ¡.Act.
The only issue in this appeal concerns the trial court’s grant of summary judgment in favor of Snap-On and Alert Stamping dismissing with prejudice the indemnity claims of Investors-Ryan and Goodyear. On June 14, 1999, Goodyear filed a third-party petition naming as third-party defendants Snap-On and Alert Stamping, arguing that, if Investors-Ryan was held to be strictly liable to the Hesses, then it would owe indemnity to Investors-Ryan pursuant to an indemnity provision contained in its lease. However, if Investors-Ryan was found to be strictly liable, then Goodyear argued that this liability would only be passive as opposed to the active negligence of Snap-On and Alert, the manufacturers of the work light. Thus, it claimed that, if it was called upon to indemnify Investors-Ryan, it would be entitled to indemnity from Snap-On and Alert Stamping. On September 5, 2000, Investors-Ryan filed a third-party demand seeking indemnity from Snap-On and Alert Stamping, also arguing that, if it was held strictly liable to the Hesses, its liability would be passive as compared to the active negligence of Snap-On and Alert Stamping.
On November 30, 2001, Snap-On and Alert Stamping were dismissed by the Hesses and the compensation intervenor, The Travelers Insurance Company, based on an out of court settlement between the parties. On June 28, 2001, Snap-On and Alert Stamping filed a motion for summary judgment on the issue of the indemnity claims. Following a hearing, the trial court granted judgment in favor of Snap-On and Alert Stamping dismissing the indemnity claims of Investors-Ryan and Goodyear with prejudice. This appeal followed.
I «ISSUES
On appeal, Investors-Ryan and Goodyear raise two assignments of error. They claim that the trial court erred in granting summary judgment in favor of Snap-On and Alert Stamping since there was a genuine issue of material fact concerning whether they were the manufacturers of the work light and whether the work light was defective. They further argue that the trial court erred in granting judgment in favor of Snap-On and Alert Stamping on the issue of the indemnity claims.
SUMMARY JUDGMENT
The law with regard to the appellate review of summary judgment is well settled. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. La.Code Civ.P. art. 966(B) provides that summary judgment shall be rendered if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” Accordingly, we will conduct a de novo review of this matter.
INDEMNITY
In Nassif v. Sunrise Homes, Inc., 98-3193, pp. 2-4 (La.6/29/99), 739 So.2d 183, *690 185-86, the supreme court discussed the action for indemnity:
Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. Black’s Law Dictionary 769 (6th ed.1990); 42 C.J.S Indemnity § 2 (1991). It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. 42 C.J.S. Indemnity at § 32. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity | ¿agreement. Id. at § 29. An implied contract of indemnity arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed. Bewley Furniture Co., Inc. v. Maryland Cas. Co., 285 So.2d 216, 219 (La.1973). Thus, because the party seeking indemnification must be without fault, a weighing of the relative fault of tortfeasors has no place in the concept of indemnity. Id.
In Minyard v. Curtis Prods., Inc., 251 La. 624, 205 So.2d 422, 431 (1967), this court considered the theoretical basis for recovery in an action for indemnity. In that case, a subcontractor installed a defectively manufactured caulking compound that he purchased through a distributor. Because of the defectiveness of the compound, remedial work was later required, and the subcontractor was bound to indemnify the general contractor for the amount of the additional costs incurred. Subsequently, the subcontractor filed suit against the manufacturer of the defective product, seeking indemnity for the amounts he had been compelled to pay the general contractor. Although there was no contract of indemnification between the subcontractor and the manufacturer, the court allowed the subcontractor’s claim for indemnity to proceed under the theory that the manufacturer, whose fault actually caused the loss, would be unjustly enriched if the loss remained upon the subcontractor. The court reasoned that an indemnity claim is a quasi-contractual obligation. As such, it is based upon the equitable principle that “where there is an unjust enrichment of one at the expense or impoverishment of another, then the value of that enrichment or else, in some cases, the amount of impoverishment must be restituted.” Id. at 432.
The concept of indemnity and the equitable principles upon which such an action is based were further explained by this court in Bewley Furniture Co., Inc. v. Maryland Cas. Co., 285 So.2d 216, 219 (La.1973):
It has long been held in Louisiana that a party not actually at fault, whose liability results from the faults of others, may recover by way of indemnity from such others. The cases have referred to this imposed liability variously as technical, constructive, vicarious and derivative. This indemnity, or recovery over, has been allowed a contractor from his subcontractor and/or supplier, so long as the exclusive fault producing liability has been that of such subcontractor and/or supplier. (Citations omitted.)
[sThe rule of indemnity enunciated in these cases is founded upon the general obligation to repair the damage caused by one’s fault (La. Civ. Code art. 2315) and the moral maxim *691 that “no one ought to enrich himself at the expense of another.”
Applying similar concepts, the Supreme Court of Oklahoma, in United Gen. Ins. Co. v. Crane Carrier Co., 695 P.2d 1334 (Okla.1984), distinguished between an action for attorney fees and an action for indemnity. In that case, the court stated:
We therefore hold that where the jury returns its verdict in favor of the defendant third-party plaintiff against the third-party defendant for the full amount of the judgment awarded against the defendant third-party plaintiff, the defendant third-party plaintiff is not entitled to recover from the third-party defendant the attorney’s fees expended in litigating the third-party action for the reason that the indemnitee cannot recover attorney fees ... in the absence of an express contract for such indemnification.
We likewise hold that the defendant third-party plaintiff is entitled to recover from the third-party defendant the attorney fees that the plaintiffs recover from the defendant under the general rules of indemnity that where a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether an express indemnity contract between the parties is in existence or not.
Id. at 1339.
After reviewing the record, we find no error in the trial court’s grant of summary judgment in favor of Snap-On and Alert Stamping. In their petition, the Hesses alleged that Carl was injured as a result of two separate and distinct acts of negligence and/or strict liability.
In paragraph “4” of their second supplemental and amending petition, the Hesses alleged their products liability claim:
Ifilt is alleged, on information and belief, that the portable work light in question was manufactured, assembled and/or distributed by the defendants, Snap-On Tools Corporation, Parts, Inc., and Alert Stamping and Manufacturing Company, Inc., and that said portable light was placed into the stream of commerce in the State of Louisiana and was marketed and sold to Goodyear Tire & Robber (sic) Company.
In paragraph “6” of their original petition, the Hesses alleged with regard to Investors-Ryan:
In addition and alternatively to the aforementioned allegations, defendant, INVESTORS-RYAN, is strictly liable and/or guilty of negligence in the following non-exclusive particulars:
A. In maintaining a premises in a defective condition;
B. In failing to keep the premises up to proper electrical code or other industry standards;
C. In failing to reasonably anticipate that employees of its lessee would be using electrical equipment in a manner that could result in severe personal injuries, including that of electrical shock;
D. In failing to or inadequately warning lessee and/or its employees of vices or defects in the premises, especially with regard to the lack of adequate electrical safeguards;
E. In failing to install ground fault circuit interrupters in conformity with the National Electric Code which was and is in full force and effect within the City of Lake Charles and/or any other industry standards;
*692 F. In knowingly allowing its lessee to use portable work or drop-lights in an unsafe condition and/or environment and/or in violation of safety standards;
G. In violating its implied warranty of fitness to its lessees and/or its employees and/or that the premises contained no defects;
H. In maintaining its premises with a substantial defect which was likely to cause injury to reasonably prudent individuals;
|7I. In maintaining its premises in a condition which presented an unreasonable risk of harm to reasonably prudent individuals which rendered the premises unreasonably dangerous in normal use;
J. Any and all other acts and/or omissions which may be shown more fully at trial of this matter.
With the settlement and dismissal of the Hesses’ claims against Snap-On and Alert Stamping, the products liability claim with regard to the work light has been resolved. Thus, the issues of whether Snap-On or Alert Stamping were the manufacturers of the work light and whether the work light was defective have been rendered moot. The only remaining issue concerns the Hesses’ claim against Investors-Ryan for premises liability. Since the products liability claim was separate and distinct from the premises liability claim, Investors-Ryan and Goodyear would not be entitled to indemnity on this claim from Snap-On and Alert Stamping, because this fault would in no way have been caused by either of these parties. Thus, Investors Ryan’s fault would not be constructive or derivative, but, rather, would be direct or primary. Additionally, if Investors Ryan is held to be at fault, it would not be entitled to indemnity. “One who is himself at fault, however, is not due indemnity because liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid wholly by the indemnitor.” Klumpp v. XYZ Ins. Co., 547 So.2d 391, 394 (La.App. 3 Cir.), writ denied, 551 So.2d 1322 (La.1989).
Moreover, the fact that Investors-Ryan’s fault would be based on strict liability would still not entitle it to indemnity from Snap-On and Alert Stamping.
When liability to the injured party is imposed on one party on the basis of strict liability only and on a second party on the basis of negligence |sor actual fault, the strict liability defendant may recover full indemnity by incidental demand against the party actually at fault. While both defendants are liable to the injured party, the defendant who is liable only as the owner of the unreasonably dangerous structure should be made whole by the defendant who actually caused the unreasonably dangerous condition for which the owner is strictly liable.
Dusenbery v. McMoRan Exploration Co., 458 So.2d 102, 105 (La.1984) (citation and footnote omitted). Under the factual scenario at hand, if it is held that the premises leased by Goodyear was maintained in a defective condition, then Investors Ryan, as the owner of the allegedly unreasonably dangerous structure, would only be entitled to indemnity from Goodyear, the party who actually caused the unreasonably dangerous condition. Thus, the trial court correctly dismissed Investors Ryan and Goodyear’s indemnity claims against Snap-On and Alert Stamping. Both of Investors-Ryan and Goodyear’s assignments of error are dismissed as being without merit.
*693 CONCLUSION
For the forgoing reasons, the judgment of the trial court granting summary judgment in favor of the third-party defendants, Snap-On Tools Corporation and Alert Stamping & Manufacturing Company, Inc., is affirmed. The costs of this appeal are assessed to the third-party plaintiffs, Investors-Ryan and Goodyear Tire & Rubber Company.
AFFIRMED.