MOORE, Chief Justice.
Nationwide Retirement Solutions, Inc. (“NRS”), appeals from a judgment of the Jefferson Circuit Court awarding PEBCO, Inc., $1,074,027.50 in attorney fees and $29,132.01 in expenses. We reverse and remand.

I. Facts and Procedural History

In November 2007, participants in the State of Alabama Public Employees Deferred Compensation Plan (“the Plan”) filed a class action against Nationwide Life Insurance Company (“NL”), NRS, the Alabama State Employees Association (“ASEA”), and PEBCO, Inc.,[1] alleging breach of fiduciary duty, conversion, and breach of contract in the administration of the Plan.[2] On November 4, 2010, the parties filed a “Stipulation of Settlement,” which the trial court approved in its final order entered on April 27, 2011. Pursuant to the settlement, NL and NRS (hereinafter sometimes referred to collectively as “Nationwide”) paid $15.5 million to the participants in the Plan and $2.9 million in attorney fees to settle class claims against all defendants, including ASEA and PEB-CO.[3] In its findings of fact, the trial court stated: “ASEA is being permitted to retain more than $12 million in sponsorship payments that it allegedly received unlawfully, and ASEA is receiving full release from any liability.”
The settlement also barred all future claims by ASEA and PEBCO against Nationwide except for indemnification for attorney fees and costs based on a 2004 administrative-services agreement (“the agreement”). The agreement, which pro *1144 vided for “an annual sponsorship fee to PEBCO of at least $1.2 million,” contained an indemnification clause: “NRS agrees to indemnify and hold harmless ASEA and PEBCO, their respective managers, officers, directors, employees, agents and attorneys for an action taken against any of them arising as a result of NRS’s failure to perform its duties under this Agreement.” [4] Nationwide refused to pay PEB-CO’s costs of litigating the class action as part of its settlement payment. PEBCO in turn refused to surrender its claim for fees and costs in exchange for Nationwide’s shouldering the complete financial burden of the settlement.
A day before the parties filed their “Stipulation of Settlement,” Nationwide moved for an order barring ASEA and PEBCO from filing any indemnification claims. The trial court granted the order except for claims for attorney fees and costs. “[I]n light of Nationwide’s substantial contributions to the settlement,” the court wrote in an order dated February 11, 2011, “it is fair and reasonable that ASEA and PEBCO be barred from pursuing any claims against Nationwide for reimbursement, indemnification, or contribution other than claims for attorney fees and costs.... ” The trial court then stated that if ASEA and PEBCO filed a cross-claim for fees and costs within 30 days, it would sever that claim for separate adjudication. See Rule 21, Ala. R. Civ. P. (“Any claim against a party may be severed and proceeded with separately.”). The trial court’s ruling expressly disclaimed any opinion on the merits of the potential cross-claim. “The Court does not reach the issue of whether the settlement in any way bars or defeats any such claim by ASEA and PEBCO. Nor does the Court make any decision with respect to the actual merits, defenses or viability of any such claim, if filed.”
On March 21, 2011, a month before entering its final order in the class action, the trial court ordered severance of ASEA and PEBCO’s claim for fees and directed the clerk of the Jefferson Circuit Court to docket that claim as “a separate and independent action,” with ASEA and PEBCO as plaintiffs and NL and NRS as defendants. The court also directed ASEA and PEBCO to pay the filing fee. See Opinion of the Clerk No. 45, 526 So.2d 584, 586 n. 1 (Ala.1988) (“In order to effectuate a ‘true’ severance, judges should explicitly direct the clerk to docket a new civil action and should explain how the new case should be styled.”). In its final order in the class action, the court noted that the merits of the attorney-fees cross-claim “will be determined in the severed ease with Case No. CV-2007-004052.01.”
On December 3, 2011, the trial court issued an order in relation to the severed cross-claim. After noting that NL and NRS “have never conceded that ASEA and PEBCO are entitled to indemnification,” the court stated without elaboration that it “is satisfied that there should be indemnification.” Because NL was “not a party to the contract creating indemnification,” i.e., the agreement, the court dismissed NL from the case, stating that “[ijndemnification should be by NRS to ASEA and PEBCO.” By this ruling, the trial court found that the indemnification clause in the agreement required that NRS pay the fees and costs incurred by ASEA and PEBCO in defending the class action. On April 8, 2012, the court set the *1145 matter for trial on June 19, 2012, on the issue of “indemnification of attorneys’ fees incurred by counsel for PEBCO, Inc., and the Alabama State Employees Association directly related to the underlying class action.” A month after the two-day hearing, the court dismissed ASEA as a party, leaving PEBCO as the sole plaintiff.
On February 15, 2013, the trial court issued an order on “the appropriate amount of indemnification.” Noting that NRS “has contended, and still contends, that indemnification is improper based on the language of the agreement and the attending facts,” the trial court stated that it “has held hearings on that issue and by prior order has ruled that indemnification is appropriate. The instant action was filed to enforce indemnification.” The court ordered NRS to pay PEBCO $863,988.50 in attorney fees and $15,297.54 in expenses for the class-action litigation, and $210,039 in attorney fees and $13,834.47 in expenses for litigating the severed cross-claim. NRS timely filed a notice of appeal to this Court.

II. Standard of Review

When the trial court hears oral testimony, the ore tenus rule requires deference to its findings of fact. “The ore tenus rule affords a presumption of correctness to a trial court’s findings of fact based on ore tenus evidence, and the judgment based on those findings will not be disturbed unless those findings are clearly erroneous and against the great weight of the evidence.” Allsopp v. Bolding, 86 So.3d 952, 958 (Ala.2011). Conclusions of law, however, are reviewed de novo. “The ore tenus rule does not cloak a trial court’s conclusions of law or the application of the law to the facts with a presumption of correctness.” Id.

III. Analysis

The indemnification clause in the agreement states that NRS would “hold harmless” PEBCO “for an action taken against [it] arising as a result of NRS’s failure to perform its duties under this Agreement.” (Emphasis added.) Without question the class action that named PEB-CO as a defendant was “an action taken against” it. The dispositive question, therefore, is whether the class action arose “as a result of NRS’s failure to perform its duties” under the agreement.
The complaint of the participants in the Plan alleged breach of fiduciary duty, wantonness, and breach of contract in the administration of the Plan — all related to the sponsorship payments mandated by the agreement. Thus, the class action arose because of NRS’s fulfillment of its contractual duty to make sponsorship payments to PEBCO. As the court stated in its findings of fact:
“These legal claims rest on factual allegations that Nationwide made improper sponsorship payments to ASEA and PEBCO to maintain Nationwide’s position as contract and service provider for the ... Plan, and that these sponsorship payments injured Plan participants because they resulted in higher fees and lower returns than would have been the case without the payments.”
PEBCO argues that by fulfilling its contractual obligation to make millions of dollars in sponsorship payments to PEBCO, NRS breached the following portion of the agreement:
“NRS hereby agrees to utilize its best efforts and to provide appropriate personnel to include NRS legal counsel, where necessary:
“To assist ASEA and PEBCO in the preparation of a Deferred Compensation Plan and its attendant agreements together with appropriate requests for rulings so that all such *1146 documents meet the requirements, in the opinion of the Attorney General of the State of Alabama, of House Bill 91, the Internal Revenue Service, the Securities and Exchange Commission, and Alabama’s Statutes and Constitution.”
(Emphasis added.) This section of the agreement does not impose responsibility upon NRS for the ultimate legal sufficiency of the Plan documents. Instead it requires only that NRS “utilize its best efforts” “[t]o assist ASEA and PEBCO” in preparing the Plan documents for the purpose of meeting legal requirements. By its plain meaning, this section does not impose on NRS responsibility for the legal sufficiency of the Plan documents but, instead, imposes a duty only to assist in the creation of those documents, using its best efforts. An agreement to make a good-faith effort to assist another is not the equivalent of a guarantee of results.[5]
Furthermore, as stated above, the class action did not arise out of an improper preparation of the Plan documents but from the sponsorship payments mandated by the agreement. PEBCO does not allege that NRS failed to assist it in preparing the relevant Plan documents or the requests for rulings on those documents. Indeed, the agreement, including its provision for sponsorship payments, was a separate document from the funding agreement for the Plan. The funding agreement was disclosed to regulators, but the agreement was not. PEBCO cannot complain that NRS failed to subject the agreement to the scrutiny of regulators when, with PEBCO’s assent, that agreement was unknown to the regulators.[6]
Finally, Alabama does not permit a party to be indemnified for defending against claims premised on its own allegedly wrongful actions. In Jack Smith Enterprises v. Northside Packing Co., 569 So.2d 745 (Ala.Civ.App.1990), the Court of Civil Appeals noted that “there is considerable authority holding that an indemni-tee is precluded from recovering attorney fees where the indemnitee has been required to defend accusations which encompass his own separate wrongful acts.” 569 So.2d at 746. The Court of Civil Appeals then concluded that “indemnification, in- *1147 eluding attorney fees, is allowed where one is defending claims predicated solely upon another defendant’s negligence; however, where one is defending for his own benefit, an award of attorney fees will not be allowed.” 569 So.2d at 746. This Court subsequently adopted that reasoning. Stone Bldg. Co. v. Star Elec. Contractors, Inc., 796 So.2d 1076, 1092 (Ala.2000).[7]
The class-action claims unquestionably encompassed PEBCO’s own allegedly wrongful acts. PEBCO defended those acts for its own benefit. Therefore, it may not now seek indemnification for its costs of defense in the class action. Further, as to the attorney fees and expenses PEBCO incurred litigating its claim for indemnification in the severed action, this Court has stated that indemnification for attorney fees “ ‘does not extend to services rendered in establishing the right of indemnity.’ ” Stone Bldg., 796 So.2d at 1091 (quoting Jack Smith Enters., 569 So.2d at 746). Thus, PEBCO is not entitled to “fees on fees” for litigating in the severed action its claim for indemnification of fees in the class action. See also Southeast Envtl. Infrastructure, L.L.C. v. Rivers, 12 So.3d 32, 52-53 (Ala.2008) (following Stone in denying fees for establishing the right to indemnification).[8]

TV. Conclusion

PEBCO was a defendant in the class action not “as a result of NRS’s failure to perform its duties under [the] Agreement” but precisely because NRS did perform its duty to make the allegedly wrongful sponsorship payments to PEBCO. Because NRS did not fail to perform those duties under the agreement that ultimately gave rise to the class action, it did not, as a matter of law, breach the indemnification clause in the agreement. Insofar as PEB-CO argues that NRS had a contractual obligation to steer it away from any legal pitfalls, the agreement states only that NRS shall use its “best efforts” to “assist” PEBCO in that effort. Finally, as a matter of law, Alabama does not permit a party to seek indemnification for defending against its own allegedly wrongful acts.
We reverse the judgment of the trial court that awarded attorney fees and expenses to PEBCO for the costs it incurred in defending against the class action and in litigating its entitlement to fees in the severed cross-claim action. We remand this case for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
STUART, BOLIN, PARKER, and WISE, JJ., concur.
MURDOCK and SHAW, JJ., concur in the result.

. PEBCO ("Public Employees Benefits Corporation”) is a wholly owned for-profit subsidiary of ASEA.

. In their amended class-action complaint filed on December 2, 2008, the plaintiffs substituted a wantonness count for the conversion count.

.AON Investment Consulting, Inc., a consultant to Nationwide, paid $500,000 into the settlement, making the total reimbursement to the participants $16 million.

. NL was not a party to the agreement, a fact the trial court later recognized by dismissing NL from this action. At times, however, in discussing the agreement, the trial court referred to Nationwide (the collective term it used for NL and NRS) as a party to the agreement or, after NL’s dismissal, to NRS as "Nationwide.”

. A best-efforts contract is one "in which a party undertakes to use best efforts to fulfill the promises made rather than to achieve a specific result.... Although the obligor must use best efforts, the risk of failure lies with the obligee.” Black's Law Dictionary 366-67 (9th ed.2009).

. One might argue that PEBCO is not entitled to reimbursement for its own wrongdoing. "A person cannot maintain a cause of action if, in order to establish it, he must rely in whole or in part on an illegal or immoral act or transaction to which he is a party.” Hinkle v. Railway Express Agency, 242 Ala. 374, 378, 6 So.2d 417, 421 (1942). The purpose of the Hinkle rule is to ensure that " 'those who transgress the moral or criminal code shall not receive aid from the judicial branch of government.’ " Oden v. Pepsi Cola Bottling Co., 621 So.2d 953, 955 (Ala.1993) (quoting Bonnier v. Chicago, B. & Q. R.R., 351 Ill.App. 34, 51, 113 N.E.2d 615, 622 (1953)). In the settlement of the class action neither NRS nor PEBCO was found to have acted illegally. As the trial court stated:
"There has been no adjudication, finding of fact, or other determination by any court that the sponsorship payments, or any other act or omission by any of the Defendants with respect to the ... Plan, was unlawful or otherwise improper. Defendants have steadfastly denied any wrongdoing and the Parties to the proposed Settlement have agreed that nothing in the Stipulation of Settlement shall be construed to be an admission of wrongdoing.”
Because the merits of the class action are not at issue in this cross-claim seeking indemnification by one defendant against another, and because NRS has not argued that indemnity should be denied on grounds of illegality, we do not further examine this question.

. A party may be entitled to indemnification for its own negligence if the contract expressly so provides. However, the indemnity provision in the agreement contains no such language. See Brown Mech. Contractors, Inc. v. Centennial Ins. Co., 431 So.2d 932, 945-46 (Ala.1983).

. Although the agreement does contain a provision expressly stating that the prevailing party in an action alleging breach of the agreement “shall be entitled to recover its litigation expenses, including a reasonable attorney’s fee,” PEBCO is no longer the prevailing party.