**REL:08/29/2014**

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

————————————

### 1120806

————————————

**Nationwide Retirement Solutions, Inc.**

**v.**

**PEBCO, Inc.**

**Appeal from Jefferson Circuit Court**
**(CV-07-4052)**

On Application for Rehearing

MOORE, Chief Justice.

PEBCO, Inc., has filed an application for rehearing, asking us to review this Court's opinion of March 28, 2014, in

which we reversed an award of approximately $1.1 million to PEBCO as indemnification for attorney fees and expenses PEBCO incurred in defending a class action. The class action resulted from PEBCO's receipt of "sponsorship payments," not disclosed to regulators, for appointing Nationwide Retirement Solutions, Inc. ("NRS"), to manage the Alabama Public Employees Deferred Compensation Plan ("the Plan"). The class-action plaintiffs claimed that these payments reduced the rate of return on the Plan, thus injuring them financially. NRS, Nationwide Life Insurance Company, and PEBCO settled with the plaintiffs for $16 million, which amount was largely funded by NRS. In the settlement PEBCO was allowed to retain $12 million in sponsorship payments. The trial court severed a cross-claim by PEBCO requesting indemnification for its expenses incurred in defending the class action. The trial court awarded PEBCO indemnification from NRS, and we reversed its judgment.

## Analysis

An application for rehearing "must state with particularity the points of law or the facts the applicant believes the court overlooked or misapprehended." Rule 40(b), Ala. R. App. P. A party cannot raise an issue on rehearing

1120806

that was not raised in the brief the appellant originally submitted to the Court. See SouthTrust Bank v. Copeland One, L.L.C., 886 So. 2d 38, 43 (Ala. 2003) (opinion on application for rehearing) ("Matters not argued in an appellant's brief on original submission cannot be raised for the first time on application for rehearing."). Therefore, only arguments that both were raised in the original brief submitted to the Court and were "overlooked or misapprehended" by the Court may be presented in an application for rehearing.

In our opinion on original submission we stated:

"Alabama does not permit a party to be indemnified for defending against claims premised on its own allegedly wrongful actions. In Jack Smith Enterprises v. Northside Packing Co., 569 So. 2d 745 (Ala. Civ. App. 1990), the Court of Civil Appeals noted that 'there is considerable authority holding that an indemnitee is precluded from recovering attorney fees where the indemnitee has been required to defend accusations which encompass his own separate wrongful acts.' 569 So. 2d at 746. The Court of Civil Appeals then concluded that 'indemnification, including attorney fees, is allowed where one is defending claims predicated solely upon another defendant's negligence; however, where one is defending for his own benefit, an award of attorney fees will not be allowed.' 569 So. 2d at 746. This Court subsequently adopted that reasoning. Stone Bldg. Co. v. Star Elec. Contractors, Inc., 796 So. 2d 1076, 1092 (Ala. 2000).

"The class-action claims unquestionably encompassed PEBCO's own allegedly wrongful acts.

3

1120806

> PEBCO defended those acts for its own benefit. Therefore, it may not now seek indemnification for its costs of defense in the class action."

Nationwide Retirement Solutions, Inc. v. PEBCO, Inc., [Ms. 1120806, March 28, 2014] ___ So. 3d ___, ___ (Ala. 2014) (footnote omitted).

PEBCO argues on rehearing, as it did in its original brief, that we should adopt the reasoning of Delaware and Nevada[1] that a showing of actual, as opposed to alleged, wrongdoing by the indemnitee should be required to deny indemnification. That position, however, is not the law of this State. Our opinion on original submission discussed this question and resolved it on the basis of Alabama precedent. Thus, the issue was not overlooked or misapprehended. Rehearing is not an opportunity to revisit matters already fully addressed and decided on original submission. SouthTrust Bank, supra. Otherwise, a rehearing would be equivalent to hearing the appeal again.

In any event, if we were inclined to revisit that precedent, this case would not be an appropriate vehicle to do

---

[1]Pike Creek Chiropractic v. Robinson, 637 A.2d 418 (Del. 1994); Piedmont Equip. Co. v. Eberhard Mfg. Co., 99 Nev. 523, 665 P.2d 256 (1983).

4

so. The claims against PEBCO in the class action were not trivial or pro forma but arose directly out of PEBCO's solicitation of special payments from NRS and its deliberate concealment of those payments from the State Personnel Board by setting them out in a separate agreement known only to NRS and PEBCO. Were PEBCO an obviously innocent party swept into a lawsuit arising solely from NRS's wrongdoing, it might have an arguable case for indemnification of its expenses in litigating that lawsuit. But that is not the case.

PEBCO's central argument on rehearing is that it was innocent of wrongdoing because it had no inkling that the sponsorship payments would reduce the participants' rate of return on their contributions to the Plan. Although PEBCO made this point in the fact section of its original brief to refute factual statements in NRS's brief, PEBCO did not mention or rely on this assertion in the argument section of its brief to demonstrate that NRS had not used its "best efforts" to ensure that the Plan met the legal requirements for such plans.[2]

---

[2]See Birmingham News Co. v. Horn, 901 So. 2d 27, 79 (Ala. 2004) (opinion on application for rehearing) (noting that a statement in the fact section of the brief "would have operative effect as an argument advanced in the brief only to the extent that it was properly brought forward to the argument section").

PEBCO's only assertion in its original brief about the inadequacy of NRS's advice was that NRS "has never advised ASEA [the Alabama State Employees Association] or PEBCO of any potential exposure related to maintaining the terms of the Administrative Services Agreement in a confidential fashion." Because PEBCO itself wanted that agreement to be confidential, we did not, on original submission, consider this argument persuasive as a ground for holding that NRS had not used its "best efforts."

PEBCO now argues for the first time on rehearing that NRS alternatively failed to use its "best efforts" because it concealed from PEBCO the fact that the sponsorship payments would reduce Plan assets. Just as an appellant may not raise an argument for the first time in a reply brief, Giambrone v. Douglas, 874 So. 2d 1046, 1057 (Ala. 2003), neither may it make a new argument on rehearing. We cannot be held in error for overlooking or misapprehending points of law or facts that were not argued on original submission. See Birmingham News Co. v. Horn, 901 So. 2d 27, 79 (Ala. 2004) (noting that if an "argument was never presented on original submission, we will not consider it on rehearing"). Additionally, any attempt by

6

PEBCO to fasten blame for the class action on NRS is belied by the settlement agreement itself, in which both NRS and PEBCO stipulated that neither was admitting to any wrongdoing.

## Conclusion

Because PEBCO's application for rehearing (1) repeats arguments offered on original submission and addressed in our opinion on original submission or (2) makes arguments for the first time on rehearing, it presents no ground for reconsidering our original judgment.

APPLICATION OVERRULED.

Stuart, Bolin, Parker, Murdock, and Wise, JJ., concur.

Shaw, J., concurs in the result.